### RIDER v. CHICK.

An attachment by a deputy sheriff is an official act for which his principal, the sheriff of the county, is responsible.

The form of action may be changed by amendment "where the person or case may be rightly understood by the court."

TRESPASS, *de bonis.* Plea, the general issue. Upon the trial, the plaintiff offered to show that he held a mortgage upon the property, and that it was attached by a deputy of the defendant and taken from the possession of the mortgagor. There was no offer to prove that the defendant gave any order to his deputy to take the property, or that he had any knowledge of the taking, nor that the attaching creditor gave the deputy any special instructions. The court ordered a nonsuit, and the plaintiff excepted.

*Hobbs*, for the defendant.

I. Sheriffs, constables, and other officers liable for default or misconduct in office, shall be holden to answer for the damages in an action on the case, and in no other form. Gen. St., c. 201, s. 6.

The wrongful taking by the deputy either was, or was not, "default or misconduct in office." If it was, the only remedy is case. If it was not, the sheriff is not liable in any form of action whatever; for he is responsible only for such acts of his deputy as are done in the regular course of his official business. *Stevens* v. *Colby*, 46 N. H. 163, 165. The decision in *Hills* v. *Hoitt*, 18 N. H. 386, is erroneous.

II. Even if trespass is maintainable, the present declaration is not properly framed. The allegation that the sheriff took the property is not sustained by proof that the deputy took it. The object of pleading is to apprise the opposite party of the facts which he has to meet. Here there is no intimation that the sheriff is called upon to answer for the acts of the deputy. The proposed proof varies from the allegation, and the nonsuit should be sustained.

For some purposes the law adopts "the fanciful ideas" (32 N. H. 206) that the sheriff and the deputy are one. But this, like all fictions of law, holds only in respect of the ends and purposes for which it was invented. It cannot be urged to an intent and pur-

pose not within the reason and policy which led to its adoption.
Broom's Maxims 128. The object of adopting this fiction was to
enable aggrieved parties to secure the benefit of the greater pecu-
niary responsibility and the official bond of the sheriff. That end
may be fully attained without framing the declaration so as to con-
ceal the name of the real wrong-doer. The insertion of an allega-
tion that the act complained of was done by a specified deputy
causes no inconvenience to the plaintiff, but its omission imposes
an obvious and unnecessary hardship on the sheriff. The latter
generally has many deputies. Must he go to each to inquire which
one did the act complained of? Process is directed to them as well
as to him; and the deputies make return to the court, not to the
sheriff. He has no official information of their doings. The the-
oretical idea, the fanciful idea, of the identity of the sheriff and his
deputies, cannot be carried to the extent of presuming him to have
knowledge of their official proceedings. Upon this point, *Hoitt* v.
*Holcomb*, 32 N. H. 185, 206, is direct authority. To hold other-
wise would be, as *Woodbury, J.*, said, on another point, to carry be-
yond the reason of the principle and into flagrant absurdities the
maxim that the sheriff and his deputies constitute but one person.
2 N. H. 69.

The only reason to be urged for permitting the plaintiff to main-
tain this form of action does not require the omission of all refer-
ence to the deputy in the declaration. That reason is, that the
plaintiff, if allowed to bring trespass, will obtain the advantage of
putting the defendant on his justification. But this advantage is
in no way impaired by requiring the plaintiff to inform the defend-
ant in the declaration that the act was done by a specified deputy.
Such information does not relieve the defendant from the necessity
of justifying. It merely enables him to know what he is to justify.

It may be urged that where the relation of master and servant
actually exists (*i. e.*, in fact, and not merely in legal imagination),
the act of the servant may be stated in a declaration in trespass as
the act of the master. But the answer is found in the fact that
trespass is not maintainable at all against the master, unless the
servant's act was previously directed, or subsequently assented to,
by him. 1 Chit. Pl. 202. Of course the master can need no
notice of the name of the servant whose act he himself directed or
ratified. That knowledge is already in his possession. But here
the defendant is held liable only by the operation of a legal fiction,
and not because he directed or ratified the act. He therefore
needs, and ought to receive through the declaration, information of
the name of the deputy for whose acts it is sought to charge him.

In *Brucker* v. *Fromont*, 6 Term 659, it was held that in case
against a master for the negligence of his servant, the negligence
might be stated as the master's without mentioning the servant.
This decision was made with reluctance (1 East 110), on the au-
thority of a precedent. On reason and on principle, *Lord Kenyon*,

*C. J.*, and *Grose, J.*, inclined the other way. 1 East 662. The decision is apparently doubted in 1 Chit. Pl. 406, and certainly is not strong enough to lift more than its own weight. Even if correct, it falls far short of the present case. There the relation of master and servant existed in fact, and the master was therefore likely to know which of his servants did the act complained of. He would ordinarily know upon what piece of work each servant was engaged. But the sheriff exercises no control over his deputies in the service of civil process, nor has he any means of immediate information as to their doings, except such as are open to the rest of the community.

The plaintiff cites two cases, both decided in what is now the state of Maine, one before and one since the separation from Massachusetts, viz., *Grinnell* v. *Phillips*, 1 Mass. 530, and *Pratt* v. *Bunker*, 45 Me. 569. The latter decision is a mere reäffirmation of the former. And the former decision was probably largely influenced by a false analogy. The courts of that day seem (as is suggested in 6 Gray 304) to have taken the view that deputy sheriffs in New England stood in the same relation to the sheriff as the under-sheriffs or bailiffs did in England to their sheriffs. But, in fact, there is a broad distinction between the offices of deputy sheriffs here and under-sheriffs in England. With us, deputy sheriffs are officers of the government, known and recognized as such by our statutes, treated as civil officers, holding appointments as such, and required to qualify for the discharge of their duties by taking the usual oaths administered to other officers of the government. *Robinson* v. *Ensign*, 6 Gray 300, 304, 305.

*Copeland & Edgerly*, for the plaintiff.

FOSTER, J. An attachment is an official act of the deputy, for which the sheriff is responsible. Gen. St. *c.* 197, *s.* 2; *Stevens* v. *Colby*, 46 N. H. 163; *Dow* v. *Rowe*, 58 N. H. 125.

It is contended that the attachment was such "default or misconduct in office" as makes the defendant liable, if at all, only in an action of case—Gen. St., *c.* 201, *s.* 6; but the object of that statute was not "to wrest from one in nowise connected with the process the usual and most obvious remedy for a wrong committed upon his person or upon his property by one having in his possession a precept against a stranger." The wrong contemplated by that statute "would seem, from the expressions used, to be of the nature of consequential injuries." *Hills* v. *Hoitt*, 18 N. H. 386. But in this case no objection was taken at the trial to the form of the action. If it had been, it would have been obviated by amendment of the declaration. Gen. St., *c.* 207, *ss.* 8, 9.

The plaintiff's exception is sustained.

*Nonsuit set aside.*

CLARK, J., did not sit: the others concurred.