W. P. STEPHENSON v. J. T. SINCLAIR ET AL.

Decided June 3, 1896.

**Constable—Liability of Bondsmen.**

The sureties upon the bond of a constable are liable for his acts in endeavoring to perform his official duty though he do acts unwarranted by law in attempting such performance. Thus where a constable in custody of a prisoner accused of a misdemeanor, in order to prevent his escape, shoots at him,—the law not authorizing him to wound or kill the prisoner under such circumstances,—the sureties are liable with the constable for the value of the horse of a third party, on which the prisoner was riding, killed by such unlawful shooting.

APPEAL from the County Court of Red River County. Tried below before Hon. GEO. F. BURDETT.

*Lennox & Lennox,* for appellant.—The sureties on the official bond of sheriffs or constables are responsible for actual damages caused by the unlawful and oppressive acts of principal, when done by virtue of his office as an officer under and by virtue of valid process in his hands, and in an effort to accomplish a purpose within the scope of his official duties as such officer. Holliman v. Carroll, 27 Texas, 26; Luck v. Zapp, 1 Texas Civ. App., 528; Heidenheimer v. Brent, 59 Texas, 534; Sneed v. Brown, 77 Texas, 476; Findley v. Mitchell, 50 Texas, 146; Cabell v. Arnold, 86 Texas, 107; Hays v. Creary, 60 Texas, 446; Brent v. Hohorst, 1 White & W. C. C., sec. 343; 2 Am. & Eng. Ency. Law, 466; 24 Ib., 888, 889; The People v. Schuyler, 4 N. Y., 173; Gerber v. Ackerly, 37 Wis., 43; Clancy v. Kenworthy, 7 Am. St. Rep., 510; Kendall v. Aleshire, 28 Neb., 707; McLendon v. State, 21 Law. Rep. Ann., 741; Huffman v. Koppelkom, 8 Neb., 344; Jefferson v. Heartley, 81 Ga., 716.

It was within the scope of the appellee constable's duty as constable to make the arrest under the warrants in his hands, and to detain and prevent the escape of the prisoner in his custody by virtue of the same. Rev. Stats., arts. 4533, 4537, 4542; Code Crim. Proc., arts. 44, 45, 247, 255, 258; Penal Code, arts. 203, 206, 559, sec. 8; Cabell v. Arnold, 86 Texas, 107.

The prisoner being only charged with a misdemeanor, and not offering resistance, it·was a breach of official duty to shoot at him in order to prevent the escape. It was not "a faithful performance of his duties according to law." Code Crim. Proc., art. 255; Penal Code, arts. 206, 259, sec. 8; Tiner v. State, 44 Texas, 128; Caldwell v. State, 41 Texas, 86; Brown v. Sneed, 77 Texas, 476; Lamon v. Feusier, 111 U. S., 17; McLendon v. State, 21 Law. Rep. Ann., 741; Doepfner v. State, 36 Ind., 111.

The damages sustained by plaintiff being the direct result and consequence of the official misconduct of appellee, his sureties are liable to plaintiff by reason thereof in the amount of his actual damages. Seale v. Railway, 65 Texas, 274; Bryant v. Burdge, 3 Willson's C. C., sec. 371; 5 Am. & Eng. Ency. Law, 2, 4.

[No briefs for appellees have reached the Reporter.]

FISHER, Chief Justice.— *Opinion.*—This action is by the appellant against the appellee Sinclair and others as the sureties upon his bond as Constable of Precinct No. Four, of Red River County. The action is one of damages against the defendant for the value of a horse shot by the constable, and for expenses incurred in seeking to effect a cure of the animal, and for the loss of his services. The court found the actual damages at $153.60 and for this amount rendered judgment against the constable, but refused to give any judgment against the sureties. From this result the plaintiff appeals. At the time the horse was injured he was being ridden by a prisoner charged with a misdemeanor and who was lawfully in the custody of the constable by virtue of a warrant. The prisoner attempted to escape and the constable fired upon him and wounded the horse. The constable under the facts and the law that governs in such cases had no authority to fire upon the prisoner seeking to escape, with the purpose of wounding him or killing him in order to prevent the escape, the prisoner then being held in custody under accusation of a misdemeanor. But it was the official duty of the constable, the prisoner being lawfully in his custody by warrant, to exercise proper care and diligence to retain custody of the prisoner and to prevent his escape, and when he was engaged in efforts to prevent his escape he was in the exercise of an official duty, for the abuse of which his sureties would be liable. The fact that the constable resorted to means not authorized by law in order to prevent the escape does not remove his effort to prevent the escape out of the realm of official duty. The duty to prevent the escape existed, and because the constable may have gone too far in the effort to perform this duty and while still in its exercise the injury occurred which resulted in the damages, would not relieve the act of the obligation covered by the bond. With this view of the case we reverse the judgment of the court below and here render judgment against all of the appellees for the sum found by the trial court to be the actual damages sustained by the plaintiff.

*Reversed and rendered.*