MINNIE MOORE ET AL. v. H. H. LINDSAY ET AL.

Decided December 13, 1902.

**Official Bond—Liability of Sureties for Wrongful Killing by Officer in Making Arrest.**

Where a constable, in executing a warrant of arrest, wrongfully and negligently kills the party named in the warrant, rendering him liable in an action of damages under the statute for wrongful death, the sureties on such officer's bond are also liable for the damages caused by the death. Rev. Stats., arts. 3017, 3024.

Appeal from the County Court of Lamar. Tried below before Hon. William Hodges.

*Allen & Dohoney,* for appellants.

*W. F. Moore,* for appellees.

RAINEY, CHIEF JUSTICE.—The appellants, plaintiffs below, sued H. H. Lindsay, constable, and the sureties on his official bond to recover damages for the alleged wrongful and negligent act of the said Lindsay in killing I. L. Moore while he, Lindsay, was in the discharge of his duties in the execution of a warrant of arrest, said Moore being charged with a misdemeanor.

A general demurrer of the sureties was sustained as to them, and the case was tried as to Lindsay, resulting in a verdict in favor of the wife and child as to him. The plaintiffs appeal from the judgment sustaining the demurrer of the sureties.

The sole question at issue is as to the liability of the sureties on the official bond of the constable for his wrongful and negligent killing while in the execution of a warrant of arrest.

It is contended by the appellee that the sureties are not liable for the killing, "for the reason that the statute of this State giving a right of action for injuries resulting in death does not authorize an action against the sureties because of such fact, and in such case a recovery can be had only against the officer whose immediate act caused the death, and appellants must of necessity base their right of recovery on the statute, for at common law there was no such thing as a right of action for injuries resulting in death." It is true that at common law no right of action for injuries resulting in death existed, and all actions for personal injuries ceased upon the death of the party injured. But our statutes give a right of action when the death of any person is caused by the wrongful act, etc., of another, and the statutes also provide for the survival of actions for personal injuries. Rev. Stats., arts. 3017, 3024. The statutes giving a right of action for injuries resulting in death, it seems to us immaterial as to what the common law is in this respect. The constable, under the allegations of plaintiffs' petition,

committed a wrongful and negligent act in killing Moore while in the official discharge of his duty in the execution of a warrant of arrest. The weight of authority is that when an officer commits a tort in executing lawful process, his bondsmen are liable in an action therefor. What difference in principle can there be when human life is wrongfully taken and where property is affected by the wrongful act? We are unable to make the distinction.

Appellees insist that the case of Hendrix v. Walton, 69 Texas, 192, sustains and is decisive of their contention. We do not so understand it. The opinion in that case is based on the proposition that for injuries resulting in death "the statute does not authorize an action against the principal for the act of his agent," except "proprietor, owner, charterer, hirer of any railroad, steamboat or stagecoach, or other vehicle for the conveyance of goods or passengers," as mentioned in subdiv. 1, art. 2899, Rev. Stats. It distinctly states that the question "whether the homicide alleged is an 'official act' of the deputy, for which the sheriff could be held responsible," is not passed upon. The question of principal and agent is in no sense involved in this case. The constable is not the agent of his sureties, and their liability is not based on that theory. Nor does it rest upon the ground that the sureties were connected with the wrongful act. It rests upon the faithful discharge of his duties, and liability accrues when the constable in executing lawful process commits a wrongful act resulting in damage. In this case he is charged with a tort for which an action lies against him personally by virtue of the statute, and having been committed while in the execution of legal process, his sureties become liable on the bond. Holliman v. Carroll, 27 Texas, 27; Stephenson v. St. Clair, 14 Texas Civ. App., 133; Johnson v. Williams (Ky.), 63 S. W. Rep., 759.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*