FRANK LINDSEY v. J. J. TERRELL, COMMISSIONER, ET AL.

No. 1687. Decided May 8, 1907.

1.—School Land—Forfeiture—Reinstatement—Burden of Proof.

School land having been forfeited for nonpayment of interest and again placed on the market, the defaulting purchaser applied for reinstatement on the same day that another applied to purchase, and it was awarded to the latter. Held, that the former had the burden, in a suit for mandamus to compel the Commissioner to reinstate the forfeited contract, of showing that his application for reinstatement was filed at an earlier hour than that of the purchaser. (P. 549.)

2.—School Land—Application to Purchase—Description—Affidavit.

The affidavit of an applicant described the land he sought to purchase as a quarter of a named section of school land, but one quarter of which,

the west one, was on the market. Being required by the Commissioner to name the specific quarter applied for, he designated the west quarter, not by affidavit, but by a letter to the Commissioner, and on the same day a former purchaser applied for reinstatement of his forfeited contract, which was refused and the land awarded to the applicant to purchase. Held that the original application was sufficient to authorize the Commissioner to make the sale, and when his request for a more specific designation was met the applicant acquired rights which authorized the sale to him and rejection of the application for reinstatement. (Pp. 549, 550.)

Original proceeding in the Supreme Court for mandamus against Terrell, as Commissioner of the General Land Office, to require reinstatement of the applicant as purchaser of a tract of school land, McDonald, the adverse claimant, being made corespondent.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

WILLIAMS, ASSOCIATE JUSTICE.—Relator seeks a mandamus to compel the Commissioner to reinstate his contract of purchase of one hundred and sixty acres of school land which was canceled September 1, 1906, because of his failure to pay overdue interest. The Commissioner bases his refusal to reinstate upon a sale to McDonald, which is alleged to have intervened between the cancellation and relator's application for a reinstatement, and the sole question is, whether or not McDonald acquired such a right as to justify the refusal.

The applicable provision of the statute is this: "In any cases where lands have been forfeited to the State for nonpayment of interest, the purchasers or their vendees may have their claims reinstated on their written request, by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement; provided, that no rights of third persons may have intervened." (Batts' Stat., art. 4218f.)

The land in question was known as the west quarter of a section of 640 acres, the rest of which had been sold to other persons not concerned in this case. After the forfeiture the Commissioner put this quarter section upon the market for sale, by advertising it and sending the notice properly describing it to the county where it is situated. On the 22d day of September, 1906, the application of McDonald to purchase was filed in the Land Office. It was in compliance with law in all respects except that it designated the land applied for as 160 acres of the named section, without other description. The Commissioner, by letter inquired what part of the section was meant to be purchased and, on November 13, 1906, McDonald replied by letter that he wanted the west quarter, which letter reached the Commissioner on November 16, 1906, and was by him attached to the application. On the same day relator duly applied for a reinstatement of his contract, but whether before or after the filing of McDonald's letter does not appear. This uncertainty must be resolved against relator. The land was awarded to McDonald who afterwards settled upon it and made proof of his occupancy as required by the statute.

Relator's contention is that the application, without the letter, was insufficient to create a right in McDonald because of its failure to designate the particular part of the section desired, and that the letter did not complete it because the statute requires the affidavit of an applicant that he desires to purchase the particular land sought to be purchased for a home and intends to settle on it within ninety days while the affidavit attached to the application does not apply to any specified part of the section. It is, perhaps, true that the Commissioner could not have been compelled to make a sale upon an application such as this was when first filed, and that he had the right to exact a further designation of the particular tract applied for. But when it is considered that this quarter was all the land in that section which the State held for sale, and that it alone was upon the market and had been advertised by proper description, we think it is true, also, that, had the Commissioner made a sale of it upon this application without amendment, the sale would have been good. The application was therefore sufficient to put it within the power of the Commissioner to make a sale and we think it follows, also, that when he entertained it and gave the opportunity to comply with the suggestion for a more complete designation, McDonald acquired a standing as an applicant, with the right to comply with the requirement of the Commissioner to perfect his application, and that this right was sufficient to bring him within the proviso in the statute. There can be no doubt from the documents that the application and the affidavit made had reference to the particular land purchased.

*Mandamus refused.*