RITER et al. v. NEATHERLY.

(Court of Civil Appeals of Texas. Ft. Worth April 19, 1913.)

1. MUNICIPAL CORPORATIONS (§ 183*) — CITY MARSHAL — LIABILITY ON BOND — ASSAULT WHILE MAKING ARREST.

The sureties on the official bond of a city marshal are liable for an assault committed by him while making an arrest for disturbing the peace, where he assumed to act in his official capacity, even though in fact no offense had been committed by the person arrested, since it devolved upon him to determine whether, under the facts, an offense had been committed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 472–481; Dec. Dig. § 183.*]

2. MUNICIPAL CORPORATIONS (§ 183*)—CITY MARSHAL—ARREST WITHOUT WARRANT—LIABILITY ON BOND.

Under Code Cr. Proc. 1911, art. 259, providing that a peace officer may arrest without warrant for an offense against the peace, committed in his presence, and article 43, including marshals among peace officers, the court and jury in an action against the sureties of a marshal are warranted in concluding that an alleged offense was within the view of a marshal, who was attracted to an office by singing, and upon entering looked over a low partition at the parties, and that the acts of the parties were construed by him to be a breach of the peace.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 472–481; Dec. Dig. § 183.*]

3. MUNICIPAL CORPORATIONS (§ 183*)—MARSHAL—ARREST WITHOUT WARRANT—BOND—EVIDENCE.

Evidence held sufficient to show that a marshal in making an arrest without warrant was acting in his official capacity.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 472–481; Dec. Dig. § 183.*]

4. MUNICIPAL CORPORATIONS (§ 183*)—MARSHAL—ACTION ON BOND—PRESUMPTION.

Where the evidence in an action against a marshal and his sureties for assault while making an arrest does not indicate that there was any private grudge or unfriendly relation between him and the person arrested, the court will presume that he was acting as an official merely.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. 472–481; Dec. Dig. § 183.*]

5. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL—RULES.

Rule 25 of the Court of Civil Appeals (142 S. W. xii), requiring assignments of error to refer to that portion of the motion for new trial in which the error is complained of, is sometimes ignored by the court, but it is a rule to facilitate the dispatch of business, and will be enforced in accordance with its spirit in all cases where no sufficient excuse appears or is implied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Action by S. N. Neatherly against L. N. Riter and another as sureties, and J. J.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Bozeman, as city marshal for false arrest. Judgment for plaintiff, and defendant sureties appeal. Affirmed.

J. B. McMahan, of Belton, for appellants. T. S. Whiteley, of Hamlin, and Chapman & Coombes, of Anson, for appellee.

CONNER, C. J. Appellee recovered a judgment in the district court of Jones county for the sum of $950 against J. J. Bozeman, city marshal of Hamlin, and against L. N. Riter and J. M. Terrell, the sureties upon his official bond, as damages for personal injuries inflicted by J. J. Bozeman at the time of and during an alleged unlawful arrest and detention of appellee. The said sureties Riter and Terrell alone appeal.

[1] It is urged, under appellants' first assignment of error, that appellee's petition was insufficient, for the reason that it appeared therefrom that appellants are sued as sureties on the official bond of J. J. Bozeman, and that the arrest and acts of the marshal complained of had been committed without warrant, and that no offense on the part of appellee appears to have been committed in the presence of the said marshal. Appellee alleged, in substance, that at the time laid in his petition he was in his private office about 9 o'clock at night with certain of his friends, who were in a small room opening into and adjoining the office; that his said friends were singing certain "ragtime" songs, when J. J. Bozeman, then the duly acting and qualified city marshal of Hamlin, entered the building, looked over a partition wall, observed the parties named, came around into the office and arrested appellee, immediately carrying him before a magistrate, and soon thereafter filed complaint, charging appellee with the offense of "disturbing the peace." It was further charged that at the time of the arrest, and while taking appellee before the magistrate, he was vigorously assaulted by the marshal, and thus injured as complained of.

Appellee's petition was evidently not framed with the design of charging that he together with his friends were in fact guilty of any violation of the law, but we think, when the petition is considered as a whole, it sufficiently appears that the said Bozeman in making the arrest as he did was acting in an official capacity, and with the purpose of preventing a disturbance of the peace. In order to constitute the act of Bozeman an official one it was not necessary that an offense in fact had been committed either by appellee or any of his friends. It was only necessary that Bozeman from the facts and circumstances observed by him at the time had so determined. The question has been so carefully and clearly discussed in the opinion of Judge Brown in King v. Brown, 100 Tex. 109, 94 S. W. 329, that we need to add but little in answer to the contentions stated.

If Bozeman was marshal as he was alleged to be, and if at the time he assumed to act in his official capacity, as is undoubtedly alleged, then according to the authority cited, it devolved upon him to determine from the facts presented whether the offense of disturbing the peace had been committed, and also to decide whether appellee was guilty of the offense. In making this decision Bozeman acted in his official capacity, and the arrest of appellee was an official act, as was also the assault committed while he was so officially acting, the assault being merely an abuse of the official authority, for which appellants as his sureties are undoubtedly liable. The evidence relating to the subject is fully as sufficient, if not more so, than the averments of the petition, and we hence conclude that the demurrer to the petition was properly overruled, and that the court correctly refused to give a peremptory instruction and to sustain the motion for new trial, as complained of in other assignments raising the same question.

[2] On the right of arrest without warrant the authorities seem equally clear. Article 259 of the Code of Criminal Procedure expressly provides that a peace officer, or any other person, may without warrant arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. And by article 43 of the same Code it will be found that marshals are expressly included as among "peace officers," and the facts alleged by the plaintiff in his petition, and as developed by the evidence, were construed by the marshal whose acts are now under consideration as a violation of article 470 of the Penal Code, defining a disturbance of the peace. So that we think it cannot be doubted that if the circumstances in this case warranted the conclusion that what occurred was within the view of the officer, as specified in C. C. P. art. 259, he was authorized to arrest even though he was without warrant, which both the allegation and proof in this case show to have been the case. It was alleged and shown that the parties in appellee's office who were singing the ragtime music had attracted the attention of the officer from the street, and that he entered the building and secured an elevated position, from which he looked over a low partition wall and both saw and heard the parties supposed to have been disturbing the peace. He thereupon immediately walked around and entered the door of the room where the parties were, and made the arrest complained of. We have no doubt but that these circumstances authorized the conclusion at which the jury and court below arrived that the supposed offense was committed within the view of the officer. See King v. Brown, 100 Tex. 109, 94 S. W. 329, hereinbefore referred to. There was therefore no error in the court's charge as complained of

in the second, third, fourth, and fifth assignments, nor in refusing to give the peremptory instruction quoted in the sixth assignment.

[3] The only remaining assignment of error complains of the action of the court in overruling appellant's motion for a new trial, based on the contentions that the uncontradicted evidence shows that no offense was committed by any of the parties at the time of the arrest, and that the arrest was made without warrant. But, as before indicated, we think the evidence fully supported the allegations of appellee's petition. In fact it went beyond those allegations. The evidence tended to show that while appellee himself was not engaged in the performance, nevertheless he was with his friends, in substantially the same room, who had more or less whisky and "sang one song over and over—most of the time it was E'Valine or O'Valine or something of the kind—and sang that over and over." The evidence fails to show that appellee attempted to restrain his friends. On the contrary their joy seemed to be "unconfined," and while doubtless from the viewpoint of the performers the entertainment was entirely innocent, the officer, it is quite clear, thought otherwise.

[4] There is nothing in the evidence to indicate that there was any private grudge or unfriendly relation between the marshal and appellee, and we must assume that the marshal was acting as an official merely, and hence that appellants, as the sureties of his official bond, were responsible for the marshal's acts, even though, as the evidence indicates, he exceeded the bounds of his authority.

[5] Mr. Associate Justice SPEER concurs in the foregoing conclusions, but thinks the assignments of error should have been wholly disregarded because of their failure to refer "to that portion of the motion for a new trial in which the error is complained of," as provided by Rule 25 (142 S. W. xii). As to the departure from the rule stated, the majority wish to merely say that, while for reasons satisfactory to them, they ignored in this case, as well also as in several others, the formal objections stated, they want it to be understood that they think the rule referred to facilitates the dispatch of business, and hence expect to enforce it in accordance with its spirit in all cases where no sufficient excuse for its nonobservance appears or is to be implied.

Judgment affirmed.