### NATIONAL SURETY CO. v. MASTERS.
### (No. 5968.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1918.)

1. SHERIFFS AND CONSTABLES ⟨⟩168(1)—ACTION AGAINST SURETY—FALSE ARREST—PETITION—SUFFICIENCY.

In an action against the surety on a constable's bond by one falsely imprisoned by the constable, the petition, which alleged that the constable as such arrested plaintiff for disturbance of the peace committed in the presence of the constable, and also alleged that the latter took plaintiff in custody on the plea that he was guilty of such offense, as against general demurrer sufficiently showed that the constable was acting in his official capacity.

2. SHERIFFS AND CONSTABLES ⟨⟩168(1)—ACTION AGAINST SURETY FOR FALSE ARREST—PETITION—SUFFICIENCY.

The petition, which disclosed that the arrest was made at a dance for disturbance of the peace or disorderly conduct in a public place, deemed by the constable to constitute a misdemeanor authorizing plaintiff's arrest without warrant, sufficiently charged as against general demurrer that the constable arrested plaintiff for what he construed to be an offense classified as a breach of the peace.

3. APPEAL AND ERROR ⟨⟩1040(10) — HARMLESS ERROR—PLEADING RULING ON EXCEPTIONS.

Overruling exceptions directed at conclusions in the petition was not prejudicial, where after eliminating the conclusions a cause of action was stated, especially where the trial was without a jury.

4. SHERIFFS AND CONSTABLES ⟨⟩169—FALSE IMPRISONMENT — ARREST FOR BREACH OF PEACE—SUFFICIENCY OF AVOIDANCE.

In an action against a constable's surety for a false imprisonment, evidence *held* to support a finding that the constable arrested plaintiff on account of conduct which he construed to constitute a breach of the peace, though he gave plaintiff opportunity to escape arrest by leaving the dance at which the arrest was made.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by J. L. Masters against H. C. Boek and the National Surety Company. From

judgment for plaintiff, the Surety Company appeals. Judgment affirmed.

Nelson Lytle, of San Antonio, for appellant. Chambers & Watson, of San Antonio, for appellee.

MOURSUND, J. Appellee sued H. C. Boek, who was constable of precinct No. 7, Bexar county, and National Surety Company, as surety on Boek's official bond, for damages for false imprisonment, alleged to have been effected by plaintiff having been unlawfully arrested by Boek without a warrant. It was alleged that the arrest took place at a dance, and that Boek handcuffed plaintiff to a buggy at the dance from about 9:30 p. m. until 1:30 a. m., and then took him a distance of about nine miles to or near Elmendorf and fastened a chain around a tree and handcuffed plaintiff to the chain and kept him in such position and condition until about 10 o'clock a. m. These allegations were accompanied by averments showing that plaintiff was subjected to humiliation, shame, public disgrace, physical discomfort and injuries. National Surety Company answered by general demurrer, special exceptions and general denial. The trial resulted in a judgment against both defendants for $1,000 actual damages, and against Boek for $1,000 exemplary damages. Only the surety company appealed.

[1] Appellant contends that the petition, in so far as it relates to it, is subject to a general demurrer, the theory being that in order to hold the surety liable it is necessary to allege either that the arrest was made under a warrant or that it was made for a breach of the peace actually committed in the presence or view of the constable; otherwise he would not be shown to have been acting in an official capacity. If this contention be correct, a person could never recover against the sureties for his wrongful arrest unless there was an offense actually committed by some one else, and the officer arrested plaintiff thinking he was the guilty person. The petition does not specifically allege that plaintiff was guilty of certain conduct construed by Boek to constitute a disturbance of the peace, but, as it alleged that Boek, as constable, arrested plaintiff for disturbance of the peace, charged to have been committed in the presence, hearing, and view of said officer, and also alleged that the officer took plaintiff in custody upon the plea that plaintiff was guilty of such offense, we think, indulging every reasonable intendment, it was sufficiently alleged as against a general demurrer that the officer determined that plaintiff had been guilty of an offense in his presence and hearing authorizing his arrest without a warrant. In the case of Riter v. Neatherly, 157 S. W. 439, Chief Justice Conner said:

"In order to constitute the act of Bozeman an official one it was not necessary that an offense in fact had been committed either by appellee or any of his friends. It was only necessary that Bozeman from the facts and circumstances observed by him at the time had so determined. The question has been so carefully and clearly discussed in the opinion of Judge Brown in King v. Brown, 100 Tex. 109, 94 S. W. 329 [10 L. R. A. (N. S.) 498, 123 Am. St. Rep. 831], that we need to add but little in answer to the contentions stated. If Bozeman was marshal, as he was alleged to be, and if at the time he assumed to act in his official capacity, as is undoubtedly alleged, then, according to the authority cited, it devolved upon him to determine from the facts presented whether the offense of disturbing the peace had been committed, and also to decide whether appellee was guilty of the offense. In making this decision Bozeman acted in his official capacity, and the arrest of appellee was an official act, as was also the assault committed while he was so officially acting, the assault being merely an abuse of the official authority, for which appellants as his sureties, are undoubtedly liable."

The language is applicable to the petition and facts in this case.

Appellant criticizes that portion of the opinion in the case of King v. Brown relied on in the Riter v. Neatherly Case, and contends that the reasoning therein was repudiated in the case of Brown v. Wallis, 100 Tex. 548, 101 S. W. 1070, 12 L. R. A. (N. S.) 1019. We have examined the opinion in the latter case, and conclude that there was no intention to recede from what was said in the King v. Brown Case. In the Brown v. Wallis Case the court was called upon to pass upon certain facts which failed to disclose that the officers were near the parties who fired the pistols at the time the same were fired. The officers entered upon the scene one mile from the place where the offense was committed, and there was no evidence from which a purpose on their part to arrest for an offense committed in their presence or view could be deduced. The Court of Civil Appeals first asked, in effect, whether there was evidence tending to prove that Cozart and Allen were acting in an official capacity. They then said:

"That is, did it tend to prove * * * that he or some other person had committed a felony, or an offense against the public peace in their presence?"

The Supreme Court first disposed of the second question, the fact question, and then answered the first question, which called for a conclusion of law. Then, probably in answer to the contention in the brief that it becomes the duty of the peace officer to decide and determine whether a breach of the peace has been committed within his view, and that an arrest by him in pursuance of such determination is an official act, the court in explanation of its holding said:

"They had no warrant, and there is no proof of any purpose on their part to enforce the law against offenders who had violated it within their view or presence."

It cannot be contended that it was held that, if Cozart and Allen had been close to the shooting, and had decided that it was in their presence, when under the law it was not, their acts would not have been official.

No authorities were discussed, and there appears to us no basis for contending that the court repudiated what it had said in the former case. In the case of King v. Brown the court cited Clancy v. Kenworthy, 74 Iowa, 740, 35 N. W. 427, 7 Am. St. Rep. 508; Seitner v. Ransom, 82 Minn. 404, 85 N. W. 158; Hall v. Tierney, 89 Minn. 407, 95 N. W. 219. These cases support the holding made by us in this case, and in addition we cite: Holliman v. Carroll, 27 Tex. 27, 84 Am. Dec. 606; Luck v. Zapp, 1 Tex. Civ. App. 528, 21 S. W. 418; Stephenson v. Sinclair, 14 Tex. Civ. App. 133, 36 S. W. 137; Lasater v. Whites, 67 S. W. 518; Gomez v. Scanlan, 155 Cal. 528, 102 Pac. 12; Drolesbaugh v. Hill, 64 Ohio, 257, 60 N. E. 202; Lee v. Charmley, 20 N. D. 570, 129 N. W. 448, 33 L. R. A. (N. S.) 275.

[2] Appellant also contends that the petition is defective because it charges that plaintiff was arrested upon the plea that he was guilty of a misdemeanor, to wit, "disturbing the peace, or disorderly conduct, charged to have been committed in the presence, hearing and view of said officer." The petition discloses that the arrest was made at a dance, and that it was for disturbance of the peace or disorderly conduct in a public place, deemed by the officer to constitute a misdemeanor authorizing the arrest of plaintiff without a warrant. This sufficiently charges as against a general demurrer that the officer arrested plaintiff for what he construed to be an offense classified as a breach of the peace. All assignments complaining of the failure to sustain the general demurrer are overruled.

[3] By a number of assignments complaint is made of the overruling of special exceptions to the petition directed at conclusions of the pleader that Boek was acting in his official capacity. If the petition be taken and every statement objected to be eliminated, it will still state a cause of action, and we fail to see how appellant could have suffered any injury by the rulings of the court, conceding their incorrectness. Appellant contends that the retention of the conclusions in the pleading confused the issues, but this contention must be held to be without merit, especially as the trial was without a jury. The assignments are overruled.

[4] It is also contended that the judgment is contrary to the undisputed evidence. Here again it is contended that, if no breach of the peace was committed, but the officer construed plaintiff's acts as such a breach, his act in arresting plaintiff was not an official act. What we have said in discussing the petition disposes of such contention adversely to appellant. It is further contended that the evidence shows the arrest to have been made because of personal resentment felt by Boek towards plaintiff by reason of a remark made or believed to have been made by plaintiff, and because plaintiff did not leave the dance within 20 minutes, as directed by Boek. The evidence amply supports a finding that Boek arrested plaintiff on account of conduct which he construed to constitute a breach of the peace. It is true that he gave plaintiff an opportunity to escape arrest by leaving, but when plaintiff failed to avail himself thereof, he arrested plaintiff, subjected him to the treatment pleaded by plaintiff, and made a complaint against him charging him with disturbance of the peace, of which charge plaintiff was acquitted.

The judgment is affirmed.