Usrey v. Yarnell.

Opinion delivered May 19, 1930.

*Cooley & Adams,* for appellant.
*Miller & Yingling,* for appellee.

Smith, J.   This appeal is prosecuted from a judgment of the circuit court sustaining a demurrer to that portion of appellant's complaint which made J. Pitts Yarnell, as sheriff of White County, a party defendant. The suit was against both Yarnell, as sheriff, and H. P. Pollett, and the complaint alleged the following facts as constituting a cause of action. Pollett, while specially deputized and acting as the agent and deputy of Yarnell, as sheriff of White County, and while armed with process for the arrest of prisoners who had escaped from White County, was en route, by the shortest and most direct route, to Leachville, Mississippi County, where said escaped prisoners were supposed to be, for the purpose of arresting them, and, while so engaged, he negligently ran

his automobile into that of the plaintiff. Judgment was prayed to compensate the damages resulting from the collision.

The statute (§ 9152, C. & M. Digest) provides that "Each sheriff may appoint one or more deputies, for whose official conduct he shall be responsible," and in the case of *Edgin* v. *Talley,* 169 Ark. 667, 276 S. W. 591, we said: "The general rule is that for all civil purposes the acts of a deputy sheriff or constable are those of his principal. Hence, a sheriff or constable is liable for the act, default, tort, or other misconduct done or committed by his deputy *colore officii.*"

The question for decision is, therefore, whether the negligence of Pollett, in colliding with plaintiff's car, under the circumstances alleged, was done *colore officii,* or was official conduct for the consequences of which his chief should be held liable.

There is here no relation of master and servant, and the complaint alleges only that Pollett was traveling to a place where, upon his arrival, he was to perform an official act, that is, arrest prisoners who had escaped. He was not acting under color of his office while driving his automobile, and he was not engaged in any official conduct at the time he collided with plaintiff's automobile. He was driving at his own volition to a place where, upon his arrival, he expected to perform an official act, but the collision occurred before his arrival there.

The note to the annotated case of *Alabama* v. *Kolb,* 1 A. L. R. 218, 218 Ala. 439, 78 So. 817, contains an extended review of cases dealing with the liability of officers for the acts of deputies and assistants; but we do not review any of these cases for the reason that, in our opinion, there is no allegation in the complaint that Pollett was acting officially, or by virtue of his deputyship, when he collided with the plaintiff's car. Therefore no cause of action was alleged against Yarnell, as sheriff, and the demurrer was properly sustained as to him. The judgment is therefore affirmed.