**CLARK v. WEST et al.**

No. 3789.

Court of Civil Appeals of Texas. El Paso.
Jan. 19, 1939.

Rehearing Denied March 23, 1939.

Charles J. Lieck, Leonard Brown, and Russell B. Wine, all of San Antonio, for plaintiff in error.

S. S. Searcy, Johnson & Rogers, and Nat L. Hardy, all of San Antonio, for defendants in error.

NEALON, Chief Justice.

Plaintiff in error, W. R. Clark, sued J. E. Turk and defendants in error, Albert West, Jr. and Aetna Casualty & Surety Company, for damages on account of personal injuries to himself and his son and damages to plaintiff's automobile resulting from an automobile collision that took place on or about June 13, 1936. The parties will be referred to as they were designated in the District Court, except that Albert West, Jr. will be referred to as defendant sheriff, and the Aetna Casualty & Surety Company as defendant Company. On the day mentioned Albert West, Jr. was the sheriff of Bexar County and defendant Company was the surety upon his official bond, which was conditioned as required by statute. J. E. Turk was the duly qualified and acting deputy of Albert West, Jr. In the night of that day Turk was driving an automobile which, with permission of defendant sheriff, he used in the discharge of his duties as deputy, and collided with the car in which plaintiff and his son were driving. There was sufficient evidence to justify a finding that the injuries Clark received and on account of which he sued were occasioned by the negligent driving of Turk. Turk was returning from the scene of another automobile collision to which he had been called by telephone message. He was conveying H. A. Hoenke and a negro at the time of the collision that occasioned this action. Turk claimed that he was taking these two men to a hospital that they might receive medical attention. Plaintiff claimed that Hoenke was under arrest upon a charge of drunkenness in a public place, and was being conveyed to the City of San Antonio in custody. One witness swore that he heard Turk order Hoenke to get into the automobile and warn him that he was under arrest. Another witness testified that defendant sheriff told him that he

had arrested Hoenke for drunkenness. This last testimony was excluded so far as it affected defendant Company. Hoenke was mortally injured in the accident. The physician who attended him at the hospital shortly after he was injured testified that there was an odor of alcohol upon his breath. The court instructed a verdict in favor of defendant sheriff and defendant Company and submitted the issues as between plaintiff and defendant Turk to a jury. Upon the verdict returned judgment was entered in favor of plaintiff against Turk and in favor of defendant sheriff and defendant Company against plaintiff. From the judgment in favor of the sheriff and defendant Company, plaintiff prosecutes this writ of error. Turk did not appeal.

### Opinion.

█ Plaintiff in error insists that there was evidence demanding the submission to the jury of the question of the liability of defendant sheriff and his surety, defendant Company. He contends that there was evidence that Turk, as deputy sheriff, had arrested Hoenke for drunkenness in a public place and was engaged in the performance of an official duty in keeping him in custody and that, therefore, defendant sheriff and defendant Company were liable for the injuries occasioned by Turk's negligence. Defendants insist that there was no evidence that Turk had made a lawful arrest of Hoenke, and that in any event neither the sheriff nor the surety company were liable for damages occasioned by his negligent operation of the automobile upon a public highway.

First we will consider the question of whether there was evidence that deputy sheriff Turk arrested Hoenke and was conveying him to the City in custody at the time of the collision with plaintiff's car. In passing upon this we must, of course, consider only the evidence most favorable to plaintiff. It is not denied that Turk was on night duty in the sheriff's office when the telephone message came telling of a wreck upon the road and that, under orders from someone in charge of the office, he proceeded to the scene of the wreck. He found that a negro had been killed and that traffic was in confusion. He commenced directing traffic upon the road. He testified that deputy sheriff Minor called him from this work and told him to take Hoenke, who was bleeding from a wound on the head, to a hospital and that a negro came up and stated that he also was hurt and requested that he be taken to the hospital. Paul Schirmer testified that he saw the deputy sheriffs at the scene of the first wreck; that Hoenke did not appear to be in a serious condition; that Turk said to Hoenke, "Here, get in that car, you are under arrest; get in the car"; and that Turk left the scene of the wreck with Hoenke. Johnny Hoenke, a brother of the deceased Hoenke, testified that defendant sheriff told him that he had to "arrest my brother for drunkenness and for murder so that they could take him to town," and that defendant sheriff further told him that deputy Turk and deputy Minor, who also went to the scene of the accident, told the sheriff that Hoenke was drunk, and that that was the reason they arrested him. Walter Kneupper testified that defendant sheriff, on the night of the accident, told him that he had been told the boys were drunk. By the boys was meant the deceased Hoenke and some other. Since the uncontradicted evidence is that the entire occurrence was upon a public highway, the evidence to which attention has been called is sufficient to require submission to the jury of the issue of whether Turk, in the performance of his duty as a deputy sheriff, arrested Hoenke for drunkenness in a public place and was engaged in the performance of his duty and had him under arrest at the time of the collision with plaintiff's car.

█ Article 477 of the Penal Code, which is a part of Title 9, relating to "Offenses Against The Public Peace," provides that whoever shall get drunk or be found in a state of intoxication in any public place shall be fined not exceeding $100, thus making drunkenness in a public place an offense against the public peace. Article 212 of the Code of Criminal Procedure authorizes a peace officer to arrest an offender without warrant when the offense is committed in his presence or within his view, if the offense is one that is classified as "against the public peace." A person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer, Article 239 C.C.P., and though an officer should make known to one arrested under what authority the arrest is made Article 233, C.C.P., it is not necessary to use formal words in making an arrest, and the fact

of arrest can be shown by surrounding facts and circumstances. Bonatz v. State, 85 Tex.Cr.R. 292, 212 S.W. 494. Therefore, if Turk, without a warrant, actually placed Hoenke under arrest upon a charge of drunkenness in a public place, the arrest was a lawful one and the act of Turk was the act of the sheriff. This is true whether Hoenke was guilty or not. King v. Brown, 100 Tex. 109, 94 S.W. 328; Riter v. Neatherly, Tex.Civ.App., 157 S.W. 439. Sheriffs are responsible for the official acts of their deputies, Article 6870, R.C.S., and are liable for the wrongful acts of their deputies done in their official capacity. Hays v. Creary, 60 Tex. 445; Mendoza v. Singer Sewing Machine Co., 125 Tex. 639, 84 S.W.2d 715, citing Luck v. Zapp, 1 Tex.Civ.App. 528, 21 S.W. 418; King v. Brown, supra, and other cases; 12 Texas Law Review 501. And it follows that when the sheriff is liable because the act is done by the deputy in his official capacity, the surety upon the sheriff's official bond is likewise liable. This liability extends not only to the person arrested or against whose property process is directed, but likewise to third persons who may be injured through the negligence of the deputy while engaged in the performance of an official duty. Mechem on Public Offices and Officers, Sec. 798, citing Campbell v. Phelps, 17 Mass. 244; Norton v. Nye, 56 Me. 211; Rider v. Chick, 59 N.H. 50; State to Use of Russell v. Moore, 19 Mo. 369, 61 Am.Dec. 563. See, also, Holliman v. Carroll's Adm'rs, 27 Tex. 23, 84 Am.Dec. 606; Myers v. Colquitt, Tex.Civ.App., 173 S.W. 993. This last cited case construes Brown v. Wallis, Tex.Civ.App., 101 S.W. 1068, 1069, as determining that the official character of an act is not determined by its lawfulness nor by the existence of good faith vel non upon the part of the officer performing the act. Stephenson v. Sinclair, 14 Tex.Civ.App. 133, 36 S.W. 137. Nor is it a valid defense upon the part of either the Surety Company or the sheriff that plaintiff's damage may have been occasioned by negligent driving upon the part of Turk. United States Fidelity & Guaranty Co. v. Samuels, 116 Ohio St. 586, 157 N.E. 325, 53 A.L.R. 36. That a deputy sheriff uses an unlawful method in performing a duty and thereby inflicts damage does not absolve the sheriff or his surety from liability. Moore v. Lindsay, 31 Tex. Civ.App. 13, 71 S.W. 298.

We have examined carefully the authorities cited by defendants in error. Most of them are readily distinguishable upon the ground that the courts held that the offending officers were not acting in the performance of official duties. If others bear contrary interpretation to what we now hold we think that they are not in harmony with the tenor of judicial decision in this State. While it is the duty of a peace officer to arrest one guilty of committing an offense against the public peace in his presence and he may do so without securing a warrant, it is just as much his duty, under the same circumstances, to keep his prisoner in custody until he can reach a magistrate.

From what has been said it follows that the action of the District Court in instructing verdicts in favor of defendant sheriff and defendant Company must be reversed and the cause remanded as to them.

As Turk did not appeal the judgment against him will not be disturbed.

Reversed and remanded.

### On Motion for Rehearing.

In their motion for rehearing defendants in error insist most earnestly that we have overlooked essential factors of the case and have not given due weight to the authorities cited. The propositions urged were considered carefully and the authorities examined with equal care before our original opinion was handed down. However, in recognition of the importance of the principles involved and in deference to the zeal and seriousness of counsel for defendants in error, we have re-examined with extreme care the authorities cited by them as well as other authorities, and to meet the criticism that defendants in error's contentions were treated lightly, we further elaborate our views as to the authorities:

Defendants in error seem to rely most strongly upon People v. Beach, 49 Colo. 516, 113 P. 513, 37 L.R.A.,N.S., 873. In that case the Supreme Court of Colorado affirmed a decision of the trial court sustaining a general demurrer to a complaint against a sheriff and the surety upon his bond. However, the state of facts there presented by the pleading was quite different from that with which we are now confronted. There the pleading, which attempted to allege a cause of action in favor of a prisoner who was injured by the

negligent dropping by a deputy sheriff of a loaded revolver which had been taken from the prisoner's person, failed to allege facts showing that the prisoner had been lawfully arrested, or that the deputy sheriff had a lawful right to search the prisoner and seize the revolver. The effect of the decision is that mere conclusions of the pleader, which are not statements of fact, were not sufficient as against general demurrer, which is not the Texas rule. Walters v. Great Nat. Life Ins. Co., Tex. Com.App., 124 S.W.2d 850, and cases there cited. The court was careful to say that it must not be understood as holding that for an unlawful act, or one in excess of the officer's legitimate authority, a surety on an official bond may not be held liable for resulting damages when the act is done by the deputy by virtue of or under color of his office. In State ex rel. Hamilton et al. v. May et al., 177 Mo.App. 717, 160 S.W. 1030, cited by defendant in error, it was said that no recovery could be had because it was not charged that the act done was unlawful. The court said that though it should be granted that the act was grossly negligent, it was impossible to hold that it was done contrary to law and that in doing it the officer could be said not to have discharged the duties of his office according to law. He left a door open while executing process, as a result of which an infant boy then in the building, contracted pneumonia from which he thereafter died. The court quoted with approval an expression of the Maryland Court to the effect that there was no clause in the bond to cover an abuse or usurpation of power—no negative words that he (the officer) could commit no wrong by color of his office nor do anything not authorized by law. The distinction between the cases is readily seen. In Clement v. Dunn, 114 Cal.App. 60, 299 P. 545, it was held that a deputy driving to a place where he was to perform an official act was not then engaged in its performance, and therefore the sheriff could not be held liable for damages occasioned by the deputy's negligent driving. Usrey v. Yarnell, 181 Ark. 804, 27 S.W.2d 988 and Humphrey v. Ownby, Mo.App., 104 S.W.2d 398, are to the same effect; while in Williams v. Priddy, 188 Ark. 137, 64 S.W.2d 553, the statement of facts is so meager that we are unable to determine whether or not the deputy was performing a duty devolving upon the sheriff at the time his car collided with that of the injured person, though it is fairly inferable that such was the case.

In contrast to the last cited case is the decision of the Ohio Court of Appeals in Hanratty v. Godfrey, 44 Ohio App. 360, 184 N.E. 842, holding that the negligence of a deputy sheriff in operating an automobile belonging to the county and under control of the sheriff when conveying prisoners to the penitentiary is official misconduct for which a sheriff is liable. This case cites Rischer v. Mehan, 11 Ohio Cir.Ct.Rep. 403, to the effect that the real question is, was the particular act complained of unlawful and done while engaged in and in connection with the performance of an official duty? Cited also is United States Fidelity & Guaranty Co. v. Samuels, 116 Ohio St. 586, 157 N.E. 325, 53 A.L.R. 36, holding that where in the discharge of an official duty an officer fails to take that precaution or exercise that care which a due regard for others requires and the result is injury, the officer's conduct constitutes a misfeasance.

However, argue the defendants in error, the evidence cited by the Court in the former opinion is not sufficient to carry the issue to the jury. In addition to what has been stated, we call attention to the following facts shown by the record: Turk's car was equipped with a siren and with a red spot-light on the front—privileges accorded law enforcement officers but not permitted ordinary automobile drivers. Sec. 9, Article 827a, Penal Code, Vernon's. The record shows that former deputy sheriff Minor described Hoenke's condition and conduct at the time of the alleged arrest in the following language: "The man was bleeding from his head, blood all over him and he was staggering and in an incoherent condition, he could not answer questions at all. I saw he was going to fall and I steadied him and laid him over to the side of the road and tried to get him to lie down, but I could not do anything with him. Then I carried him to Turk's car and put him in the back seat of Turk's car."

We think the evidence is sufficient to carry to the jury the issue of whether or not Hoenke was under arrest for being drunk in a public place at the time of the collision with plaintiff's car. If at that time Hoenke was a prisoner by

574

virtue of a lawful arrest, the sheriff owed him the duty of using due care in transporting him to his lawful destination. If he unlawfully violated that duty and as a result of this breach plaintiff and his son were injured, the sheriff and the surety upon his bond were liable, provided the act also transgressed a duty owing plaintiff and his son and they were not guilty of contributory negligence. For, if such were the facts, the injury was occasioned by the act of the deputy sheriff in performing an official duty in a negligent manner.

We adhere to our conclusion that the testimony of Johnnie Hoenke was admissible when he testified that the defendant sheriff at the hospital in which the brother of the witness was being cared for told witness that he had arrested his brother for being drunk, since sheriff West was a defendant, was primarily liable if there were liability, and if an arrest had in fact been made the prisoner had not been released but was still in the custody of the sheriff and the statement was explanatory of the custody and contemporaneous with it. See Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203; Brite v. Atascosa County, Tex.Civ.App., 247 S.W. 878; Lasater v. Purcell Mill & Elevator Co., 22 Tex.Civ.App. 33, 54 S.W. 425; Indemnity Ins. Co. v. Krone, 177 Ark. 953, 9 S.W.2d 33, 60 A.L.R. 1493; and cases cited in Note 2b, 60 A.L.R. 1500.

In arriving at the conclusion that the evidence in the record requires submission to the jury of issues as to the liability of the sheriff and his surety we have not considered the evidence of Walter Kneupper as to the statement made by Houston Minor. It was not contemporaneous with the custody of Hoenke and was not admissible as original testimony. Nor have we considered the testimony of the same witness as to West's statement to him that he had been told the boys were drunk. We think this latter statement in the form that it was received was not admissible.

After thorough study of the authorities cited and many others and careful consideration of the arguments urged in behalf of defendants in error, we are of the opinion that the motion for rehearing should be overruled, and it is so ordered.