No. 1,974.

EMILE HIRSCH, APPELLANT, v. CHARLES W. RAND, RESPONDENT.

TRESPASS BY A MARSHAL.—A trespass committed by a Deputy Marshal or Sheriff, in his official character, is considered, in law, as committed directly and personally by his principal.

IDEM.—PERSONAL RESPONSIBILITY.—When a trespass is committed by a Marshal or Sheriff, either personally or by deputy, his official character does not relieve him from personal responsibility.

IDEM.—ACTION FOR DAMAGES.—PLEADING.—In an action against an officer, such as Sheriff or Marshal, for a trespass committed through his deputy, it is not necessary to state the official character of the defendant in the complaint, or to charge the trespass as having been committed through a deputy.

ACTION FOR TRESPASS AGAINST A UNITED STATES MARSHAL.—JURISDICTION OF.—District Courts have jurisdiction of actions for trespass against a United States Marshal.

IDEM.—Whether the fact that defendant was Marshal of the United States, and the trespass was committed by his deputy, under cover of his office, gives him the right to have the cause transferred to the Courts of the United States—no decided.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

*Wm. Hayes*, for Appellant.

The only objections passed upon by the Court below, were those involving the sufficiency of the complaint—the Court holding it to be insufficient, for the reason that it did not state the official character of the defendant, and that the trespass complained of was committed by defendant's deputy; and that the opening statement did not disclose any cause of action, when taken in connection with the complaint.

The office of Marshal is analogous to that of Sheriff. (Word "Marshal," Bov. Law Dic. 1 Kent Com. 309.) Their liabilities for an unlawful interference with the rights of third persons are the same.

"It is unquestionably true, that a Marshal is answerable for the misconduct of his deputy," say the United States Supreme Court, in *Rogers* v. *Marshal*, (1 Wallace, 650.)

In an action for a tort against a Marshal or Sheriff, it is not necessary to declare against him in his official capacity,

or where the acts complained of wei ·done by a deputy, to allege that they were so done. (2 Hill on Torts, 227 .)

The trespass is considered in law as committed directly and personally by the Marshal. (*Campbell* v. *Phelps,* 17 Mass. 246 ; *Stillman* v. *Squires,* 1 Denio, 328 ; *Curtis* v. *Fay,* 37 Barb. 64; *Woodgate v. Knatchbull,* 2 T. Rep. 148.)

In *Poinsett* v. *Taylor* (6 Cal. 78), the Court say : "It was unnecessary for the plaintiff to declare against the defendant as Sheriff. (*Nightingale* v. *Scannell,* 18 Cal. 316.)

In *Whiting* v. *Butterfield* (13 Cal. 342), the Court recognize the fact, "that the Sheriff and the deputy are one person in law, so far that the Sheriff is responsible for the acts of the deputy." (Crocker on Sheriffs, Secs. 19, 830, 846, 850; 2 Hill on Torts, Chap. 29, Sec. 21 ; *Grinnell* v. *Phillips,* 1 Mass. 530, and cases therein referred to; *Walden* v. *Davison,* 15 Wend. 579 ; *State* v. *Moore,* 19 Mo. 371 ; *Matthis* v. *Pollard,* 3 Kelley, 1; *Pond* v. *Leman,* (45 Barb. 154.)

No brief on file for respondent.

Temple, J., delivered the opinion of the Court :

This is an action brought to recover damages for false imprisonment. When the case was called for trial, the plaintiff made a statement of the facts upon which he relied to recover; the substance of which, so far as it affects the question involved upon this appeal, is as follows : The defendant was United States Marshal of the District at the time of the alleged trespass. That the plaintiff was arrested by the defendant's deputy, as a deserter from the army of the United States. That the plaintiff immediately informed the deputy who arrested him, · that he was a stranger in the country, and had recently arrived from Germany, and had his passport at the hotel, where there were several persons who had known him upon the steamer during his voyage, and by whom he could easily establish his innocence, and that if the Marshal would take pains to investigate the matter, he would be easily satisfied that he was not the guilty party. That the Marshal refused to make any investigation to satisfy

himself of the identity of the plaintiff, but confined him in a dungeon, where he was kept over night, where he was subjected to some bad treatment, and was discharged at half-past nine the next morning, without any explanation whatever. That the deputy who arrested plaintiff, was appointed by defendant for the express purpose of arresting deserters from the army, and that plaintiff was innocent of the charge upon which he was arrested.

Upon this statement being made, the defendant moved for nonsuit, upon the ground:

*First*—The action was not brought against the defendant for any official misconduct, nor was there any allegation of that kind in the pleadings; that the complaint was against him as an individual, and not as Marshal.

*Second*—That the defendant was not sued in his official character.

*Third*—That if it had appeared upon the face of the complaint that the defendant was sued for an act done as United States Marshal, then the Court had no jurisdiction; and the plaintiff, by omitting such statement, could not confer jurisdiction upon this Court.

*Fourth*—That the facts stated by the counsel in his opening, did not constitute any ground of action against the defendant.

The Court granted the motion for a nonsuit, and the plaintiff appeals from the order and judgment entered.

In granting the nonsuit, the Court seems to have acted upon the idea that, because our Practice Act requires the plaintiff to state the facts which constitute his cause of action, it was necessary for the plaintiff, if he relied upon proving a trespass committed by an officer as Sheriff or Marshal, through his deputy, to state the official character of the defendant in his complaint, and charge the trespass as having been committed through a deputy. The defendant has filed no brief here, but we do not understand that any question is made as to the liability of the Marshal for the acts of his deputy, under proper pleadings. The point seems to be, that it appeared from the statement of facts made by plaintiff, that the act complained of was done by the defendant,

in his official character, and through a deputy, and the plaintiff could not recover upon these facts, upon a complaint which charges him personally.

The ultimate fact, undoubtedly, was the commission of the trespass by the defendant—that is, that he arrested and imprisoned the plaintiff without probable cause, or lawful authority to do so. The probative facts in this case, by which this was proven, were the official character of the defendant, that the party making the arrest was his deputy, and made the arrest, as such, without probable cause or lawful authority. The act is that of the principal, the deputy being the mere instrument through which he acted; and the object of the suit is to establish a personal, and not an official, liability. The act constituting the cause of action, is that of the defendant; and, though done through a deputy, is considered in law as done directly and personally by him, and was properly so alleged. (*Poinsett* v. *Taylor*, 6 Cal. 78; *Whitney* v. *Butterfield*, 13 Cal. 342; *Campbell* v. *Phelps*, 17 Mass. 246; *Stillman* v. *Squire*, 1 Denio, 328; Hilliard on Torts, 3d ed. 208.)

The fact that the defendant was Marshal of the United States, and the trespass was committed by his deputy, under cover of his office, does not deprive the District Court of jurisdiction, whatever right it may give the defendant to have the cause transferred to the Courts of the United States for trial, when that fact is made to appear. It is in the nature of a privilege which the defendant may, perhaps, avail himself of, but it does not go to the jurisdiction of the Court, when no motion is made to transfer the cause.

Judgment reversed and cause remanded.