[Crim. No. 93.   Second Appellate District.—December 21, 1908.]

## THE PEOPLE, Respondent, v. DAVID VASQUEZ, Appellant.

CRIMINAL LAW—TRIAL—CHALLENGE TO PANEL—BIAS AND PREJUDICE OF SHERIFF—PREJUDICIAL ERROR.—After the court had set aside the panel of a special venire summoned by the sheriff, on the ground that by his declarations he had manifested bias and prejudice against the defendant on trial, it was prejudicial error for the court to order the sheriff to summon other special venires.

ID.—EXECUTION OF ORDER BY DEPUTY IMMATERIAL.—The execution of the illegal orders · to the sheriff to summon a new special venire by his deputy, who was not personally disqualified, is immaterial. The act of the deputy is the act of the sheriff; and the sheriff, being without warrant, could not authorize his deputy to act.

ID.—DUTY OF COURT UPON FINDING SHERIFF DISQUALIFIED.—It was the duty of the court, upon finding the sheriff disqualified to summon a special venire, to order the coroner to summon a new venire, and if he is found to be disqualified, to appoint an elisor to summon the same.

ID.—ERROR NOT WAIVED—EXHAUSTION OF PEREMPTORY CHALLENGES.—It cannot be held that the defendant waived error in the summoning of disqualified special venires to which challenge to the panel were taken, where it appears that defendant exhausted all of his peremptory challenges to jurors after his challenges to the panel were overruled.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

9 Cal. App.—35

The facts are stated in the opinion of the court.

Chas. A. Palmer, and S. V. Wright, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of rape, committed upon a female child under the age of sixteen years. He appeals from the judgment and an order denying his motion for a new trial.

The sheriff, under an order for a special venire, summoned a panel of thirty-five men from which to select a jury to try the case. Defendant, upon the ground specified in section 1064 of the Penal Code, interposed a challenge to the entire panel. Thereupon an examination was had and evidence introduced, from which it appeared the sheriff had formed and expressed an opinion adverse to defendant; whereupon, the court allowed the challenge and discharged the jury. Immediately thereafter, the court made a minute order as follows: "There being no jury in attendance on this court to try this cause, in consequence of allowing said challenge interposed by the defendant, it is ordered that the sheriff summon in the manner provided by law twenty good and lawful men to be and appear in this court on August 13th, 1907, at two o'clock P. M., to act as trial jurors in this cause." Pursuant to said minute entry, an order directed to the sheriff was duly issued out of the clerk's office commanding such sheriff to summon twenty men to appear at 2 o'clock of that day to act as trial jurors in said case. The sheriff upon the same day made return to the said writ certifying the names of twenty men so summoned to act as jurors, nineteen of whom were identical with those theretofore discharged from the panel under defendant's challenge thereto. This return was made and signed by "Y. McFadden, Sheriff. By J. L. Walsh, Under Sheriff." Thereupon defendant interposed a challenge to this entire panel upon the grounds of bias and prejudice of the officer who summoned said jurors, and the fact that such officer had formed and expressed an opinion unfavorable to defendant. Upon the evidence introduced and it being stipulated that the sheriff in person had not summoned any of said jurors, the challenge was denied. A second and third panel

of jurors were summoned under like orders and with like return, to both of which defendant interposed a like challenge, and the same was by the court denied. Defendant exhausted all peremptory challenges to which he was entitled.

The court found that the sheriff, by reason of his having formed and expressed an opinion adverse to the defendant, was disqualified under the provisions of section 1064 of the Penal Code from summoning jurors to try the case, notwithstanding which fact it issued an order commanding him to summon a second special venire from which to select a jury to serve in the trial thereof. In so doing, and in denying the defendant's subsequent challenge to the special panel summoned under the order directed to the sheriff and executed and returned by said sheriff, through his deputy or under sheriff, the court erred.

The fact that the evidence fails to show that such deputy was disqualified is immaterial. He is not the officer to whom the writ was issued, and, although the person, he is not the officer, who executed and made return thereof. Such officer was the sheriff whom the court had found to be disqualified to act. The right of the deputy to act was by virtue of the authority which the law vests in the sheriff in whose name he acts. Since the sheriff was without warrant, it was impossible for him to confer such authority upon his deputy. "In all cases not otherwise provided for, each deputy possesses the powers and may perform the duties attached by law to the office of his principal." (Pol. Code, sec. 865.) To justify the action of the deputy in executing the writ is to endow him with powers which his principal did not possess. The act of the deputy is the act of the sheriff. (*Hirsch* v. *Rand,* 39 Cal. 315; *Foley* v. *Martin,* 142 Cal. 256, [100 Am. St. Rep. 123, 71 Pac. 165, 75 Pac. 842].)

Moreover, the subject is one of statutory regulation. Whether it be a drawn or special panel, it is the duty of the sheriff in the first instance to execute the order of the court in serving the summons. (Code Civ. Proc., secs. 225, 226; *Bruner* v. *Superior Court,* 92 Cal. 239, [28 Pac. 341].) When other than a drawn jury, defendant may challenge the entire panel on account of the bias and prejudice of the officer by whom the summons is served. (Pen. Code, sec. 1064.) When such officer is the sheriff and the challenge is allowed, the duty of summoning the jury must necessarily devolve upon some

other officer, or some person appointed by the court as an elisor. When the sheriff is a party to the action, process or orders therein must be served and executed by the coroner, or in certain cases, by a citizen of the United States over the age of eighteen years, as provided by the Civil Code. (Pol. Code, sec. 4172 of title II, part IV, as enacted in 1907; Stats. 1907, p. 403.) If both sheriff and coroner are disqualified, or for any cause both are unable to act, the court must appoint an elisor. (Sec. 4173, same citation.) By the provisions of this last section, construed with section 226 of the Code of Civil Procedure, the power of the court to appoint an elisor to execute an order for summoning a jury is limited to those cases wherein the disqualification extends to both sheriff and coroner. (*People* v. *Fellows,* 122 Cal. 233, [54 Pac. 830].) There is no express provision of the code whereby the duties of the sheriff in cases wherein he is disqualified are cast upon the coroner, except where the sheriff is a party to the action or proceeding. Someone, however, must perform such duty. Conceding an absence of any statutory provision designating who shall act in place of the sheriff in such cases, we must look to the common law of England for a rule of decision under which to determine the question. (Pol. Code, sec. 4468; *Sesler* v. *Montgomery,* 78 Cal. 486, [12 Am. St. Rep. 76, 21 Pac. 185].) According to the common law, the venire, in case the sheriff was disqualified, was directed to the coroner, who was regarded as a substitute for the sheriff. (3 Blackstone's Commentaries, 354; *May* v. *Walters,* 2 McCord (S. C.), 470.) Though the point was not at issue in the case of *People* v. *Fellows,* 122 Cal. 233, [54 Pac. 830], the court, in holding that the power to appoint an elisor exists only in cases where both sheriff and coroner are disqualified, said: "When the sheriff is disqualified, the duty in the first instance is always cast upon the coroner."

It has been held in this state that where the court errs in disallowing a challenge to a juror for cause; and such obnoxious juror is by defendant excused under a peremptory challenge, the jury being completed without defendant using all of his peremptory challenges, such error will not be reviewed on appeal because of the fact that the rights of the accused are not prejudiced thereby. (*People* .v. *Durrant,* 116 Cal. 195, [48 Pac. 75].) It is unnecessary to decide whether this principle is applicable to cases where, under the provisions

of section 1064 of the Penal Code, the challenge is made to the entire panel, and erroneously denied. Assuming, but not holding, that it does apply, it is not applicable to the case at bar, for the reason that it appears defendant, in selecting the jury from the three special panels to each of which he had interposed his challenge, exhausted all of his peremptory challenges to the individual jurors of such disqualified panels. It cannot therefore be said that he failed to avail himself of all other means afforded by law for securing a dismissal of the jurors constituting these special panels, each of which should have been, by the court, discharged under his challenge thereto.

When the court found the sheriff disqualified, it should then have made an order directing the coroner, unless also disqualified, to summon the jury to try the case. Failing to do so constituted error, for which the judgment and order appealed from must be reversed.

We deem it unnecessary to consider other points discussed by counsel.

The judgment and order are reversed.

Allen, P. J., and Taggart, J., concurred.