[No. 6372.]

THE PEOPLE, FOR THE USE OF TAMPLIN, V. BEACH ET AL.

1. **Official Bond—Construction**—An official bond is to receive a reasonable construction, but is not to be extended to matters not therein expressed, merely because to the judicial mind it may seem that such matters ought to have been provided for.—(519)

The sureties are not to be charged, unless the act or omission complained of was an official act or omission.—(519)

2. ——Complaint— Requisites—It is not enough to aver generally that the act was done "by virtue of," or "under color of" his office.—(520)

A complaint upon the sheriff's bond for a wound received by the discharge of a loaded revolver, attributable to the negligence of a deputy, which, acting as such deputy, he had taken from the person of a prisoner in his custody, and by him being conveyed to jail, must show by an averment of facts that the custody was a lawful one, and that the taking of the revolver from the prisoner, and its retention by the deputy, was justified in law as part of the duty which the deputy was then performing.—(521).

*Error to Denver District Court*—Hon. HARRY C. RIDDLE, Judge.

Mr. F. T. JOHNSON and Mr. S. W. JOHNSON for plaintiff in error.

Mr. DANIEL PRESCOTT for defendants in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action upon the official bond of a sheriff, to recover of him and the surety on his official bond, damages for alleged nonfeasance of his deputy. The bond was conditioned that the sheriff "shall faithfully perform and execute the duties of the office of sheriff." To the judgment dismissing the action, following a ruling sustaining a demurrer to the complaint, plaintiff has sued out this writ of error. The complaint in substance alleges that Wedow, the deputy sheriff, while acting as such, and in the performance of the duties of his office, had under arrest and in custody a certain prisoner whom he was conveying to the county jail for temporary detention or safe keeping, as the law provides. They were riding in a street car from Englewood in Arapahoe county to the city of Denver, and while plaintiff, who was a passenger, was sitting in his seat in the same car near to them and free from fault, the deputy,

being then intoxicated, and so acting under color and by virtue of his office, negligently dropped a loaded revolver, which was then on his person, or negligently permitted it to be dropped from his person, to the floor of the car, and the same was exploded and the bullet struck plaintiff in his leg causing the injuries complained of. The revolver belonged to the prisoner and was taken from his person by the deputy, acting in his official capacity, some time prior to the injury, and was being carried by the deputy under color and by virtue of his office, and, to the deputy's knowledge, was loaded; that, when the deputy sheriff took possession of the revolver, or soon afterwards, acting in his official capacity, he cocked the same, and negligently and recklessly put it into his pocket in that condition, in which it remained until it fell to the floor of the car and was exploded.

An indemnity, or security, contract, like written instruments generally, is to have a reasonable interpretation, or construction, but when its meaning has once been judicially determined, it is *strictissimi juris*. It is not to be extended by construction to bring within its scope things other than those therein expressed, merely because the judicial mind may think that they, equally with those included, ought to have been provided for. Bearing in mind, then, this rule of construction, let us analyze this complaint to see if the surety's contract indemnifies plaintiff against the acts charged against the deputy. Of course the sheriff is bound equally with his deputy, if the acts of negligence charged against the latter can properly be said to be an official duty pertaining to the office.

As we understand from the briefs, the theory of the plaintiff is that the deputy sheriff was acting by virtue, and under color, of his office in taking the revolver from the person of the prisoner, and con-

tinued so to act while transporting him from the place of arrest to the county jail. In other words, that the failure to act with due care occurred while the deputy was doing an official act, or one which was done by him as an officer under a claim of a right to do so.

It is not every act which a sheriff or his deputy does while, or during the time that, he is engaged in the performance of an official duty for which the sureties on his bond are liable. The true distinction is, we think, that liability does not attach unless the act complained of is an official act, constituting a part, and directly connected with the doing, of an official act. If, for example, the sheriff steps aside from his official duty and negligently does, or omits to do, an act in no wise connected with the discharge of such duty, though done or omitted during the time of its performance, by which another is injured, the sureties certainly could not be held liable in damages therefor. This distinction is well illustrated in the case of *People v. Pacific Surety Company,* 109 Pac. Rep. 961, and cases therein cited. To bring this case within the rule, upon plaintiff's own theory, he must, *inter alia,* by apt words, allege in his complaint that, in making the arrest of the prisoner it was the duty of the deputy and a part of his official act, and directly connected therewith, as one continuous transaction, to take from him the loaded revolver found upon his person, and safely to keep the weapon until he delivered it and the prisoner to the keeper of the jail; and that while conveying the prisoner from the place of arrest to the jail, the deputy sheriff, in keeping the loaded revolver on his person, was engaged in the performance of an official act, in negligently dropping the weapon and causing the injury to plaintiff, before the sheriff and his official bondsmen can be held liable. This court has held, in the case of *Newman v. People,* 23 Colo. 300, that, at

the common law, when a sheriff lawfully arrests an offender, he may search for and seize and take into custody the subject of the crime, or the thing or instrument by which it was committed, or which might aid the prisoner in escaping, and bring before a magistrate, or convey to the jail, the person arrested and the thing or things so seized.   See, also, *Closson v. Morrison*, 47 N. H. 482; *Holker v. Hennessey*, 141 Mo. 527; sec. 1830, Revised Stats. 1908, authorizes such arrest without a warrant in certain cases for carrying concealed weapons.   A sheriff, however, has no authority, and it is no part of his official duty, to search and take from a prisoner, whom he has even lawfully arrested, any other property.   Neither has he this power of search or seizure unless he has lawfully made an arrest.

There is no allegation in the complaint showing that the deputy ever arrested the prisoner, or one which sets out the charge, if any, on which the prisoner was arrested; or that he had committed any crime with the revolver, or otherwise; or that the weapon was loaded when in his possession; or that it was necessary for the officer to take the same from him as furnishing any evidence of his guilt of an offense, if any, with which he was charged; or that the taking of the weapon was a necessary or reasonable precaution for the officer in the discharge of some supposed official duty.   The case is not brought either within the common-law or statutory requirements. It is not enough, in an action of this kind, for the pleader generally to state that the officer is acting ''by virtue of, or under color of, his office,'' or that the acts are of such a character as are authorized by law, or that the same constitute his official duty. These are merely conclusions of the pleader, and not statements of fact at all.—*People v. Cobb*, 10 Col. App. 478.   It is not enough merely to allege that the

revolver was one which the deputy took from the person of a prisoner, without additional averments of facts showing that the circumstances were such that the taking was justified, in law, as part of the official duty he was then performing. That is, the pleader must, by proper allegations, bring his case within the rule which requires a statement of facts, not a conclusion of the pleader, so that the court may, for itself, determine whether the act for which the officer is said to be liable constitutes an official act, or an act done by virtue of, or under color of, his office. This was expressly held by us in the case of *People v. Pacific Surety Company, supra.* As further showing the insufficiency of the complaint to bring the case within the requirements of these decisions, it may be pointed out that the complaint does not show that the deputy ever made the arrest himself, or that in making it he did so under a valid warrant, or that the arrest was made under circumstances, if such there be, which justify an arrest without warrant. If the arrest of the prisoner was not a lawful one; if made under a void warrant, or without warrant in a case where a warrant is required; or if not made in such circumstances as justify the arrest without warrant, the officer was not acting in his official capacity, either by virtue of, or under color of, office, and the taking from the prisoner of a revolver, in such circumstances, and carrying it with him on the car, were acts clearly outside of, and beyond the duties of, his office—merely private or personal acts for which the surety upon the official bond of his principal could not be held liable. These defects in the complaint are not technical; they are substantial. Strictness in a pleading of this sort is necessary in the particulars mentioned.—*Allison v. People,* 6 Col. App. 80.

We must not be understood as holding that for an unlawful act, or one in excess of his legitimate

authority, a surety on an official bond may not be held liable in damages for resulting injuries, when the act is done by his principal on the bond, or by the deputy of the principal, by virtue of his office, or under color of his office. We are not engaged in laying down universal rules. We confine our decision to the facts of the case as made by the complaint.

It is necessary here merely to say that the complaint is not sufficient, in that it signally fails to show, by proper averment of facts, although conclusions of law may be pleaded, that the acts charged against the deputy sheriff were done by virtue of or under color of his office. The judgment of the district court being in accordance with this view, it is affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.