## Louis F. and Gertrude Schork v. Calloway and Fidelity and Casualty Company.

(Decided October 31, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1.  Sheriffs and Constables—Constable is Responsible on Bond for Official Acts of Deputy.—Deputy is not agent, servant, or employee of constable, but latter is responsible on his bond for all deputy's official acts.

2.  Execution—"Outer Door" in Statute Prohibiting Breaking Open to Seize Property Includes Door of Apartment Within Building. —"Outer door" of dwelling within Ky. Stats., section 4580, prohibiting breaking open outer door of dwelling to seize property in levying fieri facias, includes door of apartment within building.

3.  Execution—Constable Held Authorized to Break Outer Door of Apartment to take Possession of Designated Personal Property— "Fieri facias."—Constable under order adjudging defendant indebted and adjudging judgment creditor entitled to enforcement of lien on certain designated property, and writ commanding its seizure, could break outer door of defendant's dwelling house to seize the property under Civil Code, section 675, as such writ was not a "fieri facias" within Ky. Stats., sections 1651, 4580.

RICHARD PRIEST DIETZMAN and RICHARD B. CRAWFORD for appellants.

HARDIN HERR and FRED FORCHT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This appeal is prosecuted by Schork and wife from a judgment entered in the Jefferson circuit court, sustaining a demurrer to the second paragraph of their reply, and when they declined to further plead, dismissing their petition.

Judge Gordon, an outstanding trial judge of Kentucky, who presided at the hearing in the lower court, delivered a concise, well reasoned opinion, which in substance we adopt.

Appellants sued Calloway as a constable, and his surety, the Fidelity and Casualty Company of New York, for damages alleged to have resulted from the wrongful and forcible entry of one Owen Doyle, a deputy constable, into appellant's apartment at No. 2509 Griffith avenue, and taking therefrom a certain rug, in the petition described, and also alleging that the wrongful entry was a trespass, and seeking damages for the value of the rug and also for the trespass.  In an amended petition it is alleged that the said Doyle was the agent, servant and employe of the appellee Calloway and was acting within the scope of his employment.  There was no relationship of agent, servant or employe between Doyle and appellee Calloway; however, Calloway is responsible on his bond for all official acts of his deputy.

Calloway and the surety pleaded that they sought admittance to the building in which appellant lived by knocking on the outer door, and were granted admission by some woman apparently in charge, and they then went to the apartment in which Schork lived and rapped on the door, which they call an inner door, and finding no response the deputy constable unlocked the door and went in and took the rug. They pleaded in justification of this entry an order from the court of Justice Vogt, a justice of the peace, in an action in which the Central Furniture Company was plaintiff and Schork was defendant in which, after Schork was duly summoned, an order was entered adjudging Schork indebted to the plaintiff in that action in a certain sum, and also adjudging that the furniture company was entitled to "enforcement of lien on property." Upon that judgment a writ was issued directed to the sheriff or any constable of Jefferson county, "You are commanded that of the goods and chattels of Louis F. Schork you take possession of the following articles, to-wit: 1 9x12 rug," and certain other articles named, "wheresoever they may be found and deliver same into the custody of this court," and further commanded that after advertising, the constable shall sell the property to raise a certain amount and make due return of the writ. This writ was in the hands of the constable and he acted under it. The question presented is: Did the constable have the right to make a forcible entry into Schork's apartment in his absence and take possession of the articles of personal property named in the writ, in execution of the writ which was then in his hands?

It is earnestly contended that this was an unwarranted and illegal entry into the apartment of the appellants, and one prohibited by section 4580, Kentucky Statutes, which is in these words:

"If in levying *a fieri facias,* the outer door of the dwelling house of the defendant, in which his property is, be fastened, the sheriff or other officer shall not break open the same to seize the property. But if the outer door be open the officer may enter, and, if need be, may break open any inner door, to enable him to reach the property. He may break open the outer door of any other than the dwelling house of the defendant in the execution, to enable him to seize the defendant's property during the daytime."

The court is of the opinion that "the outer door of the dwelling house of the appellee" is not the front or other outer door of a building in which the appellee occupies an apartment, but that as to the defendant, who lives in an apartment, the outer door of the dwelling house is the outer door to his apartment, he does not cease to have a dwelling house and the outer door of his apartment is the outer door of his dwelling house. It seems clear to the court that if the constable was without authority to forcibly enter the outer door of a dwelling house his entry into plaintiff's apartment, under the circumstances above stated, was a violation of appellants' rights.

It must be determined, however, under the facts alleged here, as to whether or not the constable rested under the duty and had authority to break the outer door of a dwelling house to execute the writ which was in his hands.

The inhibition of section 4580 is against breaking the outer door of a dwelling house in levying a *fieri facias,* which means that "you cause to be made." It is "a writ whereby one who has recovered judgment for any debt or damages may obtain execution on the personal property of the judgment debtor." (Caldwell's Judicial Dictionary, p. 1355.) The character of this writ and its form are set out in Kentucky Statutes, section 1651. It runs in the name of the Commonwealth and is directed to the sheriff. or constable and commands that of the estate of the defendant he cause to be made a certain sum of money and make due return. That writ authorizes him to levy upon any property of the appellee, wherever it may be found in the county to whose sheriff it is directed. The writ which was in the hands of the constable in this case was not a *fieri facais.* It was a command of the court having jurisdiction of the person of the appellee and of the subject matter of the action to the constable to take possession of certain designated articles of personal property and deliver them into the custody of the court. There is a manifest distinction between a *fieri facais* and an order to take certain described personal property. Section 675, Civil Code, is in these words:

"A sheriff having an order of attachment or for the delivery of property may enter any building or enclosure containing the property to take it, and if necessary for this purpose, may break the building or enclosure, having first demanded the property."

In Keith v. Johnson, 1st Dana 605, the court decided:

"Under the common law 'A man's house is his castle,' and an officer can not legally break in to execute a *ca. sa.* or *fi. fa.* upon the tenant, or his goods, but he may do it where the process requires him to take possession of any particular thing, as to execute a writ or seizin, *habere fa.,* replevin, &c."

In that case a judgment had been given for the plaintiff against the defendant, adjudging the plaintiff entitled to the possession of a slave. A writ of execution had been issued directing the sheriff to take the slave and deliver it to the appellant. In holding that the officer had the right to break in and take possession of the slave the court said:

"If the officer, with his county at his heels, should be obstructed by a lock or a latch, must he desist, and lie, with his army in wait, around the house, watching an opportunity to enter the 'fortress' by stealth, and thus be compelled, either to subject the family to alarm and to siege, or to succumb to the perverse defendant, and exemplify the impotency of the law? Why take the *posse comitatus,* unless it be to overcome all lawless opposition?"

This case was cited with approval by the Supreme Court of New York in Howe v. Oyer, 3 N. Y. Supp. 726, 50 Hun. 559, in which the court says:

"The right of the officer to forcibly enter the building to replevy the property is not derived from the statute. By the common law an officer, in the execution of process directing him to take specific property, might forcibly enter any building containing it, after having demanded and been refused admission, for the purpose of the execution of such process." Citing Freeman on Execution, sections 468, 473; Keith v. Johnson, 1 Dana 605.

The court is of the opinion that under section 675 of the Civil Code the officer, having an order directing him to take possession of certain specific personal property, may forcibly enter the premises to take possession, and that he is not prohibited by section 4580 of the statutes, which provides only against forcible entry to levy a *fieri facias.*

Having reached this conclusion, it is clear that the trial court was not in error in sustaining the demurrer to the second paragraph of appellant's reply, nor in sustaining the motion of appellee to strike parts of the amended petition.

Judgment affirmed.