LOUIS FILARSKI, Appellant, v. C. H. COVEY et al., Respondents.

[1] PUBLIC OFFICERS — ACTS OF DEPUTIES — LIABILITY OF SHERIFF.— While a sheriff is liable for the acts of his deputies when acting in an official capacity, the sheriff is not liable for the acts of his deputies unless the acts being performed are in the line of his official duties and under color of office.

[2] ID.—NEGLIGENCE OF DEPUTY SHERIFF—PERFORMANCE OF OFFICIAL DUTY—PLEADING.—In an action against a sheriff and the surety on his official bond for damages for the death of plaintiff's minor son, alleged to have been caused by the negligence of a deputy sheriff in the operation of an automobile while returning from calling a magistrate, a demurrer to the complaint is properly sustained where the complaint contains no statement showing that said deputy sheriff was acting in an official capacity at the time of the accident.

[3] ID.—DUTY OF MAGISTRATE TO ATTEND COURT—CALLING BY SHERIFF.— To attend court is the official duty of the judge, justice, or magis-

---

1. Liability of sheriff on his bond for the defaults and misfeasances of his assistants and deputies, notes, 1 A. L. R. 236; 12 A. L. R. 981; 39 A. L. R. 1306. See, also, 23 Cal. Jur. 323; 24 R. C. L. 982.

trate, and it is no part of the official duties of a sheriff to call either judges or magistrates to come to court.

[4] ID. — ACTS IN OFFICIAL CAPACITY — CONCLUSION OF PLAINTIFF — PLEADING.—In an action against a sheriff and the surety on his official bond for damages for the death of plaintiff's minor son, alleged to have been caused by the negligence of a deputy sheriff in the operation of an automobile while returning from calling a magistrate, the allegation in the complaint "that while acting in the line of his official duties" said deputy sheriff "went out to call such magistrate," contains no statement of facts upon which such an allegation can be predicated and is merely the setting forth of a conclusion, but it does allege the performance of an act not in the line of his official duty.

[5] ID.—ACTS OF DEPUTY SHERIFF—LIABILITY UPON OFFICIAL BOND.— While the sheriff upon his official bond would be liable for the wrongful acts of his deputy performed in the line of his official duties, he is not liable upon such bond for the personal dealings and acts of a deputy otherwise performed.

[6] ID.—ACTS OUTSIDE OFFICIAL DUTY—LIABILITY OF SURETY.—Section 2836 of the Civil Code limits the liability of the surety on the official bond of a sheriff to the express terms of the contract, and if the act upon which the liability is predicated is outside of the official duties and not in the line of the performance of some official act, the surety is not liable.

---

(1) 35 **Cyc.,** p. 1618, n. 37, p. 1620, n. 54.    (2) 35 **Cyc.,** p. 1977, n. 79.    (3) 35 **Cyc.,** p. 1905, n. 42.    (4) 31 **Cyc.,** p. 50, n. 69, p. 54, n. 8; 35 **Cyc.,** p. 1977, n. 79.    (5) 35 **Cyc.,** p. 1906, n. 47, 48.    (6) 35 **Cyc.,** p. 1900, n. 3, 4, p. 1904, n. 35.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

K. Van Zante for Appellant.

J. L. C. Irvine for Respondents.

PLUMMER, J.—This action was brought by the plaintiff against the defendant C. H. Covey, as deputy sheriff, W. J. Hime, as sheriff of the county of Kings, state of California, and Maryland .Casualty Company, a corpora-

---

tion, as surety on the official. bond of W. J. Hime, as sheriff, for the purpose of recovering damages, in the sum of ten thousand dollars for the death of a minor son of the plaintiff, alleged to have been caused by the negligence of C. H. Covey, as deputy sheriff. The trial court sustained the demurrer of the defendants Hime and Maryland Casualty Company to plaintiff's amended complaint without leave to amend and sustained the demurrer of the defendant C. H. Covey to said complaint, with leave to plaintiff to amend within ten days, which plaintiff declined to do. Judgment was entered in favor of the defendants and from this judgment the plaintiff appeals.

The second amended complaint, after setting forth certain preliminary matters, alleged in paragraphs VI and VIII thereof, as follows:

VI. "That on the 8th day of October, 1923, defendant C. H. Covey, while acting in his official capacity as deputy sheriff, had in his possession a certain automobile which was then under his care, management and direction, and which he was driving north on the public highway at a place about three miles south of the southeast corner of the city limits of the City of Hanford in said County of Kings, to-wit, at the intersection of said public highway and a private road running east therefrom."

VIII. "That on the said 8th day of October, 1923, defendant W. J. Hime, as sheriff of said County of Kings, had in his custody in the county jail of said County of Kings, a person whom he had arrested for committing a public offense who was then and there awaiting his preliminary hearing before, and to be admitted to bail by, a magistrate; that on said day defendant C. H. Covey, while acting in the line of his official duties, went out to call such magistrate, and after having called such magistrate he (defendant C. H. Covey) proceeded to return to take said person so held in custody before said magistrate for examination, to-wit, to give him a preliminary hearing and to admit him to bail, and while thus returning as aforesaid, said defendant C. H. Covey so wrongfully, carelessly and negligently, and without due regard for the safety and convenience of others upon said public highway, managed and drove said automobile that the same then and there came into violent collision with said bicycle managed

and ridden on by said Joe Filarski. That by reason of said collision said Joe Filarski was thrown upon the ground, and rendered unconscious, and his skull and the bones of both his arms were fractured. And the injuries then and there inflicted upon said Joe Filarski, by reason of said collision, caused his death on the 9th day of October, 1923.''

The grounds of demurrer were that said second amended complaint does not state facts sufficient to constitute a cause of action; that said complaint is uncertain in that it cannot be determined therefrom what official act said C. H. Covey was performing, or attempting to perform, at the time of the alleged accident; that it cannot be ascertained from said second amended complaint whether it was sought to hold the Maryland Casualty Company liable on its bond for wrongful acts committed by said Himes, in his official capacity as sheriff or in the negligent performance of his official duties; that said amended complaint is uncertain in that it cannot be determined whether it is sought to allege the wrongful acts committed by Covey in his official capacity or in his individual capacity. Other grounds of demurrer are specified, but these are sufficient to present the questions to be determined on this appeal.

No question is presented upon the allegations that C. H. Covey was a duly appointed deputy sheriff, appointed by the defendant W. H. Hime, the sheriff of Kings County.

[1] As said in 1 A. L. R. 236, in an extended note, ''the general rule has long been established that sheriffs and other officers performing similar duties are liable civilly but not criminally for the acts and omissions of their deputies when acting officially or under color of office,'' citing a large number of cases. Among the duties placed upon sheriffs by section 4157 of the Political Code is to ''arrest and take before the nearest magistrate for examination, all persons who attempt to commit, or who have committed, a public offense.''

While the rule is as above stated, that a sheriff is liable for the acts of his deputies when acting in an official capacity, because the acts are really his acts, it is also the law that the sheriff is not liable for acts of his deputies unless the acts being performed are in the line of his of-

ficial duties and under color of office. **[2]** We do not think it necessary to a determination of this case to review the authorities cited by respective counsel, as an examination of the pleadings clearly establishes the correctness of the ruling of the trial court. Paragraph VI of the second amended complaint shows that the defendant Covey was driving an automobile, of which he had possession (whose automobile is not alleged) and was moving northward on a public highway at a place about three miles south of the southeast corner of the city limits of the town of Hanford, in the county of Kings. This paragraph contains no statement of facts showing that the defendant Covey was acting in an official capacity. It does contain the words "while acting in his official capacity as deputy sheriff," which, of course, not being coupled with any statement of facts, is a mere conclusion of law. This paragraph, however, does locate the place of the defendant Covey at the time the alleged injury was inflicted. In paragraph VIII it is set forth that the defendant Hime, as sheriff of the county of Kings, had in his custody in the county jail of said Kings County a person who had been arrested for committing a public offense, who was then and there awaiting his preliminary hearing before and to be admitted to bail by a magistrate; "that on said day defendant C. H. Covey, while acting in the line of his official duties, went out to call such magistrate, and after calling such magistrate he (defendant C. H. Covey) proceeded to return to take said person so held in custody before said magistrate for examination, etc., and while thus returning as aforesaid, said defendant C. H. Covey so wrongfully, carelessly and negligently, and without due regard for the safety and convenience of others upon said public highway, managed and drove said automobile that the same then and there came into violent collision with said bicycle managed and ridden on by said Joe Filarski, etc." This paragraph shows clearly that the defendant Covey was not taking the arrested person before any magistrate. Why the defendant Covey had gone about three miles from the town of Hanford to call a magistrate does not appear. It is argued by counsel that the magistrate had his office in the town of Hanford, but was then living some three miles out in the country. This, of course, cannot be con-

sidered, because it does not appear in the pleadings, further than the fact that the defendant Covey had gone that distance out in the country to call a magistrate. **[3]** We do not think it necessary to cite any authorities to the point that it is no part of the official duties of a sheriff to call either judges or magistrates to come to court. To attend court is the official duty of the judge, justice, or magistrate, from which it follows that while the defendant Covey had in mind the subsequent performing of an act which would be in the line of his official duty, to wit, the taking from the county jail to the office of the magistrate the person held in custody, he had not at the time of the injury entered upon any such official service. The complaint does not show facts from which it can be concluded that the sheriff had directed the defendant Covey to take out an automobile belonging to the sheriff, or to any other person, and call the magistrate to come into town and discharge his official duties. Hence, there is nothing to sustain even the inferences of agency. **[4]** The allegations of the complaint, "that while acting in the line of his official duties defendant Covey went out to call such magistrate" contains no statement of facts upon which an allegation could be predicated and is merely the setting forth of a conclusion, but in the setting forth of that conclusion it does allege the performance of an act not in line of his official duty, hence, so far as they are set forth, controvert the allegation of acting in the line of official duty. **[5]** While the sheriff upon his official bond would be liable for the wrongful acts of his deputy performed in the line of his official duties, he is not liable upon such bonds for the personal dealings and acts of a deputy otherwise performed. The defendant Covey in this case was not serving any process, had no process in his possession for service, was not taking any prisoner before any magistrate, was not performing any act under color of his office, but was simply, as alleged in the complaint, out in the country to call a magistrate. **[6]** As to the surety, section 2836 of the Civil Code limits the liability to the express terms of the contract, and if the act upon which the liability is predicated is outside of the official duties and not in the line of the performance of some official act, the surety is not liable. We do not deem it necessary to cite author-

ities relating to the liability or nonliability of sheriffs for the acts of their deputies in view of the fact that a reading of the allegations of the complaint, as we have set forth herein, establishes the correctness of the ruling of the trial court.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.