[Civ. No. 6466. Second Appellate District, Division One.—May 9, 1931.]

IRENE CLEMENT, Appellant, v. JOHN DUNN et al., Respondents.

W. H. Springfield and C. W. Garland for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondents.

BISHOP, J., *pro tem.*—The negligent driving of a Los Angeles County car by Deputy Sheriff Dunn, resulting in damage to the person and property of the plaintiff, was made the basis of this action against the sheriff and the sureties on his official bond. To the complaint, which attempted to set up two causes of action, a general demurrer, interposed by the sheriff and his sureties, was sustained. Plaintiff declined to amend, and a judgment of dismissal and this appeal followed.

In addition to allegations sufficiently introducing the several defendants, and others portraying the results of the accident, plaintiff in her first count alleged:

VI.

"That on the 15th day of October, 1927, defendant John Dunn, while acting in his capacity of a deputy sheriff as aforesaid, had in his possession and control a certain automobile which was then and there the property of the county of Los Angeles, California, and furnished and delivered by said county to the defendant William I. Traeger, sheriff, for use of said sheriff and his deputies of the county of Los Angeles. That said automobile, which was under the care, management and direction of said Deputy Sheriff John Dunn, and while he was driving west on Temple street in said automobile, ran into and upon the automobile of the plaintiff, which was then and there proceeding northerly upon said Virgil street in said intersection."

VII.

"That upon said day and time the defendant John Dunn, as a deputy sheriff of Los Angeles county, California, and acting under the orders and control of William I. Traeger, sheriff, was upon his way to serve a warrant of arrest, and with this warrant and other warrants of arrest in his possession and acting in his official capacity of deputy sheriff in such duties, and while driving said automobile as alleged in paragraph six so carelessly, wrongfully and

negligently, and without due right for the safety and convenience of others upon said highway and this plaintiff upon said highway, and while operating said automobile at a speed of upwards of forty-five miles an hour, drove said automobile in such careless, negligent and reckless manner that it came in violent collision with the automobile of the plaintiff.''

■ These allegations, taken of course with the others referred to, fail to state a cause of action against the sheriff and his sureties, even assuming that appellant is correct in the contention that the sheriff of Los Angeles County is burdened with the same liabilities as those on the shoulders of sheriffs of nonchartered counties. No breach of official duty appears. The liability of a sheriff for the acts of his deputies is not based on the theory that the relation of master and servant or principal and agent exists, but on the theory that the deputy is the representative of the sheriff, and his acts are those of the sheriff. (See *Whitney* v. *Butterfield*, (1859) 13 Cal. 335 [73 Am. Dec. 584]; *Van Pelt* v. *Littler*, (1859) 14 Cal. 194; *Hirsch* v. *Rand*, (1870) 39 Cal. 315; *Foley* v. *Martin*, (1904) 142 Cal. 256 [100 Am. St. Rep. 123, 71 Pac. 165, 75 Pac. 842]; *Michel* v. *Smith*, (1922) 188 Cal. 199 [205 Pac. 113]; *People* v. *Vasquez*, (1908) 9 Cal. App. 545 [99 Pac. 982]; *Filarski* v. *Covey*, (1925) 75 Cal. App. 353 [242 Pac. 874]; *Schork* v. *Calloway*, (1924) 205 Ky. 346 [265 S. W. 807].) Inherent in this theory, on which the sheriff is held liable for the acts of his deputies, is this limitation, the acts must be official in character. As was said in *Filarski* v. *Covey, supra* (p. 356): ''While the rule is as above stated, that a sheriff is liable for the acts of his deputies when acting in an official capacity, because the acts are really his acts, it is also the law that the sheriff is not liable for acts of his deputies unless the acts being performed are in the line of his official duties and under color of office.'' So it was there decided that the sheriff was not to be held for damages caused by the negligent driving of his deputy who had gone out to make arrangements for a preliminary hearing, for making such arrangements was not the duty of the sheriff. Of significance too is the case of *Felonicher* v. *Stingley*, (1904) 142 Cal. 630 [76 Pac. 504]. (See, also, *Robertson* v. *Smith*, (1913) 16 Ga. App. 760 [85 S. E.

988].)  In *People* v. *Beach,* (1911) 49 Colo. 516, [37 L. R. A. (N. S.) 873, 113 Pac. 513]), the court expressed the correct rule as follows: ''The true distinction is, we think, that liability does not attach unless the act complained of is an official act, constituting a part, and directly connected with the doing, of an official act.''

Tested by this standard, the negligent actions of Deputy Dunn give rise to no liability on the part of the sheriff and the sureties on his official bond. The purpose of his expedition may have been to perform an official act, but the character of that which he was doing at the time plaintiff suffered injuries was not official. The sheriff had not yet begun to act, for he is not a county chauffeur. This same conclusion was reached in *McVea* v. *Day,* (1927) 6 La. App. 383, and *Usrey* v. *Yarnell,* (1930) 181 Ark. 804 [27 S. W. (2d) 988]. In the McVea case the deputy was going to investigate reported law violations. In the Usrey case he was on his way to arrest some escaped prisoners. In each case the sheriff was held not liable for the negligent driving of his deputy. In the first case the court said: ''One further conclusion is that, in traveling or going to a place where an official act is to be performed the manner in which the deputy travels, is not part of the official act.'' A like expression appears in the Usrey opinion: ''There is here no relation of master and servant . . . He was not acting under color of his office while driving his automobile, and he was not engaged in any official conduct at the time he collided with plaintiff's automobile. He was driving at his own volition to a place where, upon his arrival, he expected to perform an official act, but the collision occurred before his arrival there.''

But if this were not the rule and the sheriff should be responsible if his deputy was on an errand the end of which was the performance of an official act, still the first count of the complaint before us is insufficient. The several expressions ''acting in his official capacity of Deputy Sheriff'', ''as a Deputy Sheriff'' and others of a like nature add nothing. ''It is stated that he was acting in his official capacity as constable, but such allegation does not state any fact,—only a mere conclusion.'' (*Felonicher* v. *Stingley, supra,* p. 632.) ·*Facts* showing that he had in his possession a valid warrant of arrest which it was the duty of the sheriff

of Los Angeles County to serve and so of his deputy, are only hinted at, they are not alleged. The requirements of pleading in such a case are not satisfied. (*People* v. *Beach, supra; People* v. *Pacific Surety Co.*, (1910) 50 Colo. 273 [Ann. Cas. 1912C, 577, 109 Pac. 961].) The demurrer was properly sustained to the first cause of action.

Plaintiff's second cause of action, judging from the argument made in support of it, is predicated on the proposition that one who permits a car under his control to be driven by one he knows to be incapable of driving it carefully, is responsible for the results. There is a failure to allege facts which make this principle applicable. Paragraph VI is incorporated in count II by reference, and plaintiff continues by alleging:

"II.

"That at the time of said collision as alleged in paragraph VI and at the time said automobile belonging to the County of Los Angeles as aforesaid was delivered to said John Dunn for his use as aforesaid as a Deputy Sheriff of Los Angeles County, California, for the service of warrant or warrants then in his possession, said John Dunn was in an extremely intoxicated condition, all of which was well known to William I. Traeger, Sheriff of Los Angeles County, California."
Except by inference nothing is stated except that Dunn had a county car which had been furnished to the sheriff for the use of himself and his deputies, and at certain times Deputy Dunn was drunk and the sheriff knew it. In Paragraph III plaintiff adds that Dunn was habitually in a more or less intoxicated condition, which the sheriff knew.

Recitals by way of inference are insufficient. In *People* v. *Jones,* (1899) 123 Cal. 301 [55 Pac. 992], there was under discussion the allegation of a complaint in a civil action reading: "negotiated by the defendant R. A. Jones, acting as the agent of said Kampling" The court said: "There was, therefore, no material issue tendered as to Jones' agency. Direct and positive averments of the fact cannot be supplied by any intendment or implication, and where stated argumentatively or by way of recital or inference it is insufficient." (See, also, *Fredericks* v. *Tracy,* (1893) 98 Cal. 658 [33 Pac. 750].) Moreover, not even by inference does it appear that Deputy Dunn was put in possession of the automobile by the sheriff, or pursuant to

his orders. If there were facts showing the sheriff responsible for one of his deputies driving while drunk, plaintiff had two opportunities to plead them. She elected to stand upon the complaint without them. The judgment which followed is affirmed.

Houser, Acting P. J., and York, J., concurred.