[Civ. No. 17285.   First Dist., Div. Two.   June 24, 1957.]

OSCAR K. OSBORNE, Appellant, v. PAT SHAEFFER et al., Respondents.

Brown & Smith, Jacqueline Taber and Doris Anderson for Appellant.

Spencer M. Williams, County Counsel (Santa Clara), Robert S. Sturges, Deputy County Counsel, Rankin, Oneal, Luckhardt, Center & Hall and C. E. Luckhardt for Respondents.

LERNHART, J. pro tem.*—This is an appeal from a judgment entered in the Superior Court of Santa Clara County. The complaint in this action was filed December 6, 1955. A first amended complaint was filed February 27, 1956. The defendants demurred and their demurrers were sustained without leave to amend. Judgment was entered thereon.

Appellant, Oscar K. Osborne, sustained injuries when he was assaulted in the Santa Clara County jail on November 27, 1954. The complaint alleges that he was assaulted by Pat Shaeffer, a trusty in charge of appellant. Howard Hornbuckle was sheriff of said county at said time.

On February 24, 1955, within 90 days of the assault, appellant filed a claim for his injuries with Howard Hornbuckle. The same claim was filed with G. E. Tarleton, County Clerk of Santa Clara County. On July 5, 1955, the board of supervisors denied the claim.

A complaint based on this claim was filed on December 6, 1955. The defendants in that action were Pat Shaeffer; Howard Hornbuckle, ex-sheriff of the county of Santa Clara; the county of Santa Clara; The Aetna Casualty and Surety Company; Ohio Casualty Insurance Company; and several Does. The complaint was amended by a first amended complaint, filed February 27, 1956. The defendants were only the former sheriff and his bonding company.

Both defendants filed a demurrer to the amended complaint on the ground that the action was barred by section 340, subdivision 3, Code of Civil Procedure.

The court sustained the demurrers without leave to amend and entered judgment thereon. This appeal is taken from that judgment.

Appellant's first contention is that under section 339, subdivision 2, of the Code of Civil Procedure the statute of limitations for the commencement of an action of this nature is two years. The section provides:

Section 339 (two years)

"2. An action against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty including the nonpayment of money collected upon an execution. But this subdivision does not apply to an action for an escape."

Appellant argues that Code of Civil Procedure, section

*Assigned by Chairman of Judicial Council.

340, subdivision 3, provides a one-year statute of limitations for assault actions. He states that this is not an action for assault but one for the sheriff's own negligent conduct in failing to properly supervise and staff the office of the county jail.

Respondents concede that if Hornbuckle was acting in his official capacity and in virtue of his office in supervising the jail personnel, liability for his acts would be subject to the two-year statute of limitations. They argue that sufficient facts on which to base that conclusion have not been alleged by appellant. It is nowhere stated that the acts were performed as official acts or under color of the sheriff's office. They cite *Filarski* v. *Covey,* 75 Cal.App. 353 [242 P. 874], where the court said (356-357) that,

"[While] a sheriff is liable for the acts of his deputies when acting in an official capacity, because the acts are really his acts, it is also the law that the sheriff is not liable for acts of his deputies unless the acts being performed are in the line of his official duties and under color of office."

Respondents also cite *People* v. *Beach,* 49 Colo. 516 [113 P. 513], and *Clement* v. *Dunn,* 114 Cal.App. 60 [299 P. 545], in support of their contention that the complaint is defective in not showing the act as an official one.

Appellant argues that these cases may be distinguished since they do not involve an act done in administering the affairs of a jail. It is contended that an act performed in the administration of a jail is official since the sheriff is acting under an obligation imposed on him by Government Code, section 26605. That section states that "The sheriff shall take charge of and keep the county jail and the prisoners in it." It is argued that this law makes every act of a sheriff in the administration of a jail "an act in his official capacity." Appellant states that the court takes judicial notice of this law, and therefore that the code section is a part of the pleadings.

Penal Code, section 4019.5(c), is cited by respondents in support of their contention that the acts were not official. However, as pointed out by appellant, the section prohibits a sheriff from delegating to a prisoner the right to punish another prisoner. There was no allegation that such a right was delegated.

It is appellant's contention that the sustaining of the demurrer was erroneous because the statute of limitations had not run. He also contends that the sustaining of the demurrer

without leave to amend was an abuse of discretion since sufficient facts exist on which an amended complaint could be stated.

It is the court's conclusion that the first amended complaint does, however imperfectly, state facts sufficient to show that the acts complained of were official in character and in virtue of the office. The complaint alleges that the deputy sheriffs were at all times acting within the scope of their authority. It states that Pat Shaeffer was a trusty and agent of the deputy sheriff and the sheriff of the county and was at all times acting within the scope of that agency. It alleges that such agents were in charge of appellant when he was confined at the county jail. The complaint also alleges that Pat Shaeffer and Second Doe were incompetent to perform the duties entrusted to them by the deputy sheriffs and by the sheriff and that the deputy sheriff and sheriff knew or should have known in the exercise of ordinary care of this incompetency and unfitness. It then alleges that the sheriff failed to exercise due care in the selection, appointment and supervision of the deputy sheriffs and that he failed to suspend or to secure the discharge of the deputy sheriffs and the trusty after knowledge and notice of their inefficiency and incompetency.

While the complaint does not use the words "in his official capacity and in virtue of his office" when stating the acts of the sheriff, the above allegations combined with Government Code, section 26605, provide an allegation of the official character of the acts sufficient to show a reasonable possibility that such defect could be cured by an amendment and that leave to amend should have been granted. The judgment is reversed, with directions to the trial court to grant leave to plaintiff to amend his amended complaint.

Dooling, Acting P. J., and Draper, J., concurred.